PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
LINXUAN YAN (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a corporation; LOWE'S COMPANIES, INC., a corporation; LF, LLC, a corporation; and YANKON LIGHTING, INC., a corporation,<br><br>Defendants. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**DEFENDANT'S MOTION TO DISMISS WILLFULNESS ALLEGATIONS AND REQUEST FOR ENHANCED DAMAGES**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Date:   November 3, 2023<br>Judge;   The Honorable Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## PRELIMINARY STATEMENT

Plaintiff DS Advanced Enterprises, Inc. has pled that defendant Lowe's Home Centers ("LHC") has willfully infringed the only patent-in-suit, United States Patent No. 11,054,118 ("the '118 Patent").  Plaintiff's Complaint, however, shows only a May 8, 2023 notice of the '118 Patent, and subsequent alleged infringement – a

showing the Federal Circuit has expressly rejected as insufficient to support a willfulness finding. Moreover, the weight of authority in this district requires not only evidence of pre-complaint knowledge of the patent, but also plausible allegations that the defendant's conduct was egregious. The Complaint fails to assert any facts that could support a finding that LHC's conduct was egregious, or that there was any deliberate or intentional infringement, and thus the willfulness allegation, and corresponding request for enhanced damages, should be dismissed.

## BACKGROUND

The '118 Patent is directed to "an apparatus to detachably attach an LED light fixture to at least one of a ceiling, and a recessed lighting fixture housing." Dkt. #1, Exh. 1, '118 Patent, 1:7-9. The Complaint named four entities as defendants – LHC, California company Yankon Lighting, and two other "Lowe's" entities – Lowe's Companies, Inc., and LF, LLC. All defendants except LHC were subsequently dismissed. Dkt. #5.

Among other allegations, the Complaint alleges that LHC willfully infringed the '118 Patent. Dkt. #1, ¶ 84. In support of this allegation, the Complaint first references an April 14, 2021 email from an alleged supplier, Foxsun, forwarding "sales orders" that contain the word "Lowes" as the alleged receiving party. *Id.* ¶¶ 13, 60-61. The "buyers" on each sales order, however, are different entities, and the "Lowes" name is referenced under the "spare parts" section. *See* Exhibit A to the Declaration of Katherine M. Lieb, dated September 29, 2023 ("*Lieb Decl.*") (certified translation of sales orders). The Complaint also states that the sales orders "include a Notice that advises the DEFENDANTS of the intellectual property associated with PLAINTIFF'S lighting products" (Dkt. #1, ¶ 63); however, there is no such notice in the sales orders, and indeed no patents are mentioned in these documents. *See Lieb Decl.*, Exhibit A. As confirmed by the certified translation, the only reference to intellectual property rights in the sales orders is as follows: the product "must satisfy the technical and intellectual property rules of the country in which it is being sold."

*See* Dkt. #1, ¶ 64. Further, the Complaint does not allege that LHC is the "Lowes" entity being referenced (as opposed to any of the other "Lowe's" entities – two of which were originally defendants in this case).

The Complaint also references a cease-and-desist letter sent on May 8, 2023, and a response letter dated June 11, 2023 – neither of which are attached. *Id.* ¶ 70. The Complaint then contains an infringement analysis which only serves to demonstrate that the LHC products could not possibly infringe – a further reason why the Complaint fails to show a plausible case of egregious or intentional infringement.

## ARGUMENT

### I. THE STANDARDS ON A RULE 12(B)(6) MOTION

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

On a motion to dismiss, courts "may consider materials incorporated into the complaint or matters of public record" as well as "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

### II. WILLFULNESS SHOULD BE DISMISSED

#### A. The Legal Standards for Willfulness

Section 284 of the Patent Statutes allows courts to increase damages up to three times the amount assessed in cases of willful infringement. 35 U.S.C. § 284. The Supreme Court has cautioned, however, that such enhanced damages "are generally

1 reserved for egregious cases of culpable behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). While there are varying views throughout the country as to the proper pleading requirements for willfulness, the weight of authority in this district requires that "a plaintiff must generally state facts that show (1) the defendant knew, or should have known, of the patent; and (2) the defendant acted egregiously." *FluorDx LLC v. Quidel Corp.*, No. 19-CV-1998, 2020 LEXIS 138598, at *13 (S.D. Cal. Aug. 4, 2020).

Thus, "[p]ursuant to *Halo*, this majority has concluded that although knowledge and continued infringement are pre-requisites to showing willfulness, a plaintiff must also show that the defendant engaged in 'egregious misconduct.'" *Gobalo, Ltd. Liab. Co. v. Horizon Grp. USA, Inc.*, No. 21-CV-1639 TWR (MSB), 2022 U.S. Dist. LEXIS 150680, at *7 (S.D. Cal. Aug. 22, 2022) (dismissing willfulness claims); *Arbmetrics LLC v. Dexcom, Inc.*, No. 18-cv-00134, 2019 LEXIS 134563, at *8 (S.D. Cal. Feb. 19, 2019) (dismissing willfulness allegation of alleged patent knowledge and continued sales as "not sufficient to allege egregious conduct"); *Genentech, Inc. v. Eli Lily & Co.*, No. 18-CV-1518, 2019 LEXIS 156168, at *14 (S.D. Cal. Sept. 12, 2019) (dismissing willfulness claim "because the allegations, taken as true, do not rise to the level of egregious conduct"); *Simpson Performance Prods. v. NecksGen Inc.*, No. 3:17-cv-01704, 2018 LEXIS 83555, at *10 (S.D. Cal. May 16, 2018) (willfulness claim deficient because "it fails to plausibly allege an inference that defendant engaged in egregious conduct").

Those courts that do not require egregiousness nevertheless require pleading of facts sufficient for a plausible showing of "deliberate or intentional infringement." *See, e.g., Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, No. 22-cv-00676, 2023 LEXIS 62463, *25-27 (S.D. Cal. March 30, 2023) (noting split in authority, not requiring egregiousness, but requiring a pleading sufficient to plausibly show deliberate or intentional infringement).

/ / /

### B.     Plaintiff Has Failed to Plead Allegations of Willfulness

The Complaint in this case fails to provide any plausible evidence of egregiousness, or intentional infringement. Indeed, there is no plausible allegation that LHC even knew of the existence of the '118 Patent before May of this year. The Complaint shows only recent knowledge of the '118 Patent and alleged continued infringement, which are legally insufficient under established Federal Circuit law. *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation,* 28 F.4th 1247, 1275 (Fed. Cir. 2022) (affirming district court's refusal to submit willfulness issue to the jury: "'knowledge of the asserted patent and evidence of infringement' – which 'is necessary, but not sufficient, for a finding of willfulness'").

As detailed below, the Complaint's sole allegations of pre-suit knowledge (the sales orders and warning letter) are not sufficient to plead willfulness.  Moreover, the Complaint itself also shows that the infringement allegation is a substantial stretch of the claims of the '118 Patent, and one that cannot be supported by Federal Circuit law.  Even under cases that do not require a showing of egregiousness, this evident lack of infringement refutes any allegation LHC knew it was infringing.  *See, e.g., Fate Therapeutics,* 2023 LEXIS 62463, at *25-26 (plaintiff must allege defendant's continued infringement after knowledge of the patent and that "in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.").

### 1.     The Sales Orders

The sales orders referenced in paragraphs 61-64 of the Complaint do nothing to support Plaintiff's willfulness allegation. <u>First</u>, they each have only a single, generic mention of "Lowes" and there is no indication that the defendant here, LHC, had anything to do with them (there are several "Lowes" entities – two of which were originally named as defendants in this case and later dismissed). <u>Second</u>, even if the sales orders had involved LHC, they are for some unidentified product, and the Complaint has no allegation (let alone factual proof) that these products embody the '118 Patent. <u>Third</u>, the sales orders have no mention of the '118 Patent, and there is

nothing in the Complaint suggesting otherwise. As confirmed in the Complaint (¶ 64), and in the certified translation of Exhibit A, the sales orders simply state that "intellectual property rules" should be followed – merely an indication that products subject to the sales orders should not infringe *third party* patents. Fourth, even if there was anything in these orders indicating LHC had knowledge of these products, there is nothing indicating any connection to the Plaintiff, nor would knowledge of Plaintiff's product be any indication of knowledge of the Plaintiff's patent. *See Minemyer*, No. 07-CV-1763, 2012 U.S. Dist. LEXIS 197044, at *5-6 (N.D. Ill. Feb. 15, 2012) (finding no evidence for defendant's knowledge of the asserted patent when defendant was only provided with product sample). And fifth, even if these documents had put LHC on notice of the '118 Patent, it does nothing to indicate that any entity acted egregiously or intentionally infringed.

## 2. The Warning Letter

The May 8, 2023 cease-and-desist letter is the only evidence in the Complaint that LHC had pre-suit knowledge of the '118 Patent. But the mere fact that LHC continued to sell the products after knowledge of the patent is insufficient for a plausible willfulness allegation. *See, e.g.*, *BASF*, 28 F.4th at 1275 (knowledge of patent and alleged infringement insufficient for willfulness); *FluorDX*, 2020 LEXIS 138598, at *13-14 (refusal to take a license is "equally consistent with a defendant who subjectively believes the plaintiff's patent infringement action has no merit" and insufficient for willfulness allegation) (citations omitted); *Arbmetrics*, 2019 LEXIS 134563, at *8-9 (S.D. Cal. 2019) (dismissing willfulness allegation that showed pre-suit knowledge and continued sales as "not sufficient to allege egregious conduct"); *Genentech*, 2019 LEXIS 156168, at *15 ("Defendant's continuing manufacture and sales cannot be the sole evidence to support a willful infringement claim."); *accord M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 U.S. Dist. LEXIS 152075, at *14 (S.D. Tex. July 31, 2018) ("Assuming for the sake of argument that the complaint put [defendant] on notice of the existing patents, and [defendant]

continued its manufacturing of infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness.").

### 3. The Complaint Shows There Is No Infringement

Whether the Court requires proof of egregiousness or not, at a minimum infringement must be deliberate or intentional. This requires a complaint to plausibly allege, at a minimum, that a defendant "knew, or should have known" that there was infringement. *FluorDx*, 2020 LEXIS 138598, at *13 (requiring plausible allegation of egregiousness); *Fate Therapeutics,* 2023 LEXIS 62463, at *25-26 (plaintiff must allege defendant "knew, or should have known, that its conduct amounted to infringement of the patent."). Thus, the infringement allegations in the Complaint are relevant to this question of whether there is a plausible willfulness allegation – the lack of infringement is evident, refuting any allegation that LHC would have believed it was infringing.

The patent, attached as Exhibit 1 to the Complaint is directed to a light fixture with two different types of "clips" for securing the fixture to either a ceiling, or to a housing within the ceiling. The '118 Patent has only one independent claim, and beginning with paragraph 31 of the Complaint, the Plaintiff provides various tables purporting to show infringement. But to the contrary, the infringement tables in the Complaint show that several elements in the only independent claim (and thus requirements of all claims) are clearly missing from the accused products.

For example, the claims require a "metal housing (108) to embody a complete fixture (112)." The alleged "metal housing" in the accused products, however, is an *internal* structure. See below the accused product structure as sold on the left, with the disassembled structure allegedly showing the metal "housing," both from paragraph 31 of the Complaint.

/ / /

/ / /


Assembled


Disassembled

Obviously, Plaintiff identifies this *internal* structure as the alleged metal housing because it was the only metal that could be found outside of the junction box (which the patent shows to be part of the "complete fixture" that this housing must embody – *see, e.g.*, Fig. 6, complete fixture 112). However, this internal structure is not a "housing" and certainly does not "embody the entire fixture" as the claim requires.

The independent claim also requires a junction box that (i) "hold[s] a plurality of connection wirings" and (ii) itself comprises (*i.e.,* has) "a plurality of output wires." But the junction box in the accused products only has a single wire, not a "plurality" of wires -- evident from this picture in the Complaint (the yellow and green coloring indicates it is a ground wire):



*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1344-45 (Fed. Cir. 2016) (a single item cannot meet a "plurality" requirement, literally or equivalently).

Another example is the claim's requirement of a "twist" connector – a simple and common electrical connector which is "twisted" onto the stripped ends of wires. In contrast, the Complaint shows only a plug connector – compared to twist connectors below:




common twist connectors[1]                    plug connector in Complaint

A finding of equivalents on this element would completely eviscerate the "twist" connector requirement. *See, e.g., Warner-Jenkinson Co. v. Hilton Davis Chem. Co.,* 117 S. Ct. 1040, 1049 (1997) ("It is important to ensure that the application of the doctrine [of equivalents], even as to a single element, is not allowed such broad play as to effectively eliminate that element in its entirety"); *Sage Prods. v. Devon Indus.*, 126 F.3d 1420, 1423-26 (Fed. Cir. 1997) (*citing Warner-Jenkinson*: the claims defined "a relatively simple structural device" and "no reasonable fact finder could find equivalence").

These examples further disprove any allegation that the alleged infringement occurred and that it was egregious, deliberate, or intentional.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] https://en.wikipedia.org/wiki/Twist-on_wire_connector.

## **CONCLUSION**

For the foregoing reasons, LHC's motion to dismiss the willfulness allegations and request for enhanced damages should be granted, together with such other and further relief which the Court deems just and proper.

Dated: September 29, 2023         Respectfully submitted,

HIGGS FLETCHER & MACK LLP

By:   */s/ Peter S. Doody*
      PETER S. DOODY

SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (Pro Hac Vice)
Katherine M. Lieb (Pro Hac Vice)
Linxuan Yan (Pro Hac Vice)

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 29, 2023, to all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

*/s/ Peter S. Doody*
Peter S. Doody