# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a Corporation,<br><br>    Defendant. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**ORDER GRANTING JOINT MOTION TO ENTER PROTECTIVE ORDER [ECF 32]** |

    The parties' Joint Motion to Enter Protective Order is **GRANTED** and the stipulated terms, as set forth in the joint motion, (*see* ECF 32), are hereby adopted and entered as an order of this Court as set forth below.[1]

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed

---

[1] The Court has made slight revisions to Paragraphs 18, 19, and 33.

to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Cummins IP PLLC and Sills Cummis & Gross P.C. "Counsel" also includes Will Baeza, an in-house attorney for Lowe's Home Center LLC ("LHC"). Additional in-house attorneys for either party may be designated as "counsel" under this Paragraph by providing

the other party with notice of the names of such in-house attorneys prior to the disclosure of any "CONFIDENTIAL-FOR COUNSEL ONLY" materials.

GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

    b. Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or its counsel may designate such portion as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by stamping or otherwise clearly marking as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," respectively, on each page of the protected material in a manner that will not interfere with legibility or audibility. For digital files being produced, the producing party may mark each viewable page or image with the appropriate designation, and for native files, mark the medium, container, and/or communication in which the digital files were contained.

6. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

7. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until 30 calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 10 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under

seal, identified as being subject to this Order, and protected from being opened except by order of the Court.

8. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding unless and until such designation is removed either by agreement of the parties or by order of the Court. Nothing contained in this Order, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

9. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, and by independent experts or consultants under the conditions set forth in this Paragraph. For purposes of this Paragraph, an expert or consultant shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a party or of a party's competitor, and (3) at the time of retention is not anticipated to become an employee of a party or of a party's competitor. An expert or consultant is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to an outside consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single outside consultant or expert. No disclosure of information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may be provided to an expert or consultant that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party.

    a. The right of any independent expert to receive any confidential information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as <u>Exhibit A</u>, in advance of providing any confidential information of the producing party to the expert.

    b. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within 14 calendar days following receipt of the identification of the proposed expert. Any such objection must set forth in detail the grounds on which it is based.

    c. A party that receives a timely written objection must follow the meet and confer requirements set forth in Paragraph V.A. of the Honorable Jill J. Burkhardt's Civil Chambers Rules (the "Chambers Rules") to try to resolve the matter by agreement. If the parties cannot reach agreement promptly, counsel for all affected parties will address their dispute to this Court in accordance with Paragraphs V. B and C of the Chamber Rules.

    d. Confidential information may be disclosed to an independent expert if the fourteen-day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

10. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party, by independent experts (pursuant to the terms of Paragraph 9), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as <u>Exhibit A</u>:

    a. Executives who are required to participate in policy decisions with reference to this action;

        b.      Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

        c.      Stenographic and clerical employees associated with the individuals identified above.

11.    In addition, with respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," the parties may also disclose such information to the following persons:

    a. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    b. any mediator or arbitrator that the parties engage in this matter or that this Court appoints, provided such person has executed a copy of the form attached hereto as <u>Exhibit A</u> and the signed copy has been provided to all parties;

    c. any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same;

    d. stenographers engaged to transcribe depositions the parties conduct in this action; and

    e. this Court, including any appellate court, its support personnel, and court reporters.

12.    All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13.    Any party seeking to file documents under seal must comply with the procedures set forth in the ECF Manual. Parties should not seek to file under seal entire

pleadings, or entire attachments, unless the party can establish that the entire document satisfies the standard for sealing.

Unless the entire document satisfies the standard for sealing, a redacted version of the document must be publicly filed on the docket with only those portions of the document appropriately subject to filing under seal redacted. An application to file under seal should specifically address the factual and legal basis for sealing each proposed redaction.

The party shall lodge the unredacted version of any filing in accordance with the ECF Manual.

If a party is seeking to file a document that contains information designated as confidential by another party, the filing party must reach out to the designating party in advance of filing the application to file under seal to obtain from the designating party the legal basis for the confidential designation. The filing party must include the legal basis in the application to file under seal. If any party opposes the application to file under seal, that party must, <u>within one court day</u>, contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

14. At any stage of these proceedings, any party may object to a designation of materials as confidential information or as privileged. The party objecting to material designated as confidential or privileged must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties after meeting and conferring within 14 calendar days of receipt of such a notice of objections, the parties may jointly request the Court's assistance with the dispute, in accordance with the Chambers Rules. The materials at issue must be treated as confidential information or privileged, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

15. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential

information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, at any point in time prior to trial, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

18. Nothing in this Protective Order shall require disclosure of documents, electronically stored information ("ESI"), or other information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other protection from discovery ("Privileged Material"). If Privileged Material is nevertheless inadvertently or unintentionally produced or made available for inspection, the parties have stipulated that such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or work product doctrine, or other ground for withholding production to which the producing party would otherwise be entitled to assert. Any party that inadvertently produces or makes available for inspection materials it believes are Privileged Materials may obtain the return of those materials by promptly notifying the recipient(s) after learning of the inadvertent or unintentional

disclosure and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall immediately gather and return all copies of the Privileged Material to the producing party after receiving a request for their return, except for any pages containing privilege markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. The recipient shall also immediately destroy and certify such destruction after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

19. The parties have stipulated that this Order be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and that it be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C § 1738. In the event of a conflict of law, the parties have stipulated that the law that is most protective of privilege shall apply.

20. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

22. Nothing contained in this Order will be construed as a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

23. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere

presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

25. The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, that party shall follow the procedures set forth below in Paragraph 26. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

26. Nothing in this Order will prevent any party from producing any confidential material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

27. Within sixty (60) days of the final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer

to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

28. Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

29. The restrictions and obligations set forth within this Order will not apply to any information that:

    a. the parties agree should not be designated confidential information;

    b. the parties agree, or the Court rules, is already public knowledge;

    c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

30. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

31. Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

32. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom confidential materials are produced or disclosed.

33. At the conclusion of the litigation, the Parties may request that this Court retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any for any contempt thereof.

34. This Order may be modified by agreement of the parties, subject to approval by the Court.

35. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

36. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

**IT IS SO ORDERED**.

Dated: March 21, 2024

Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California on _____ (date), in the case of *DS Advanced Enterprises, LLC v. Lowe's Home Centers, LLC*.  I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Signature: _____  Date: _____