PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
LINXUAN YAN (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME
CENTERS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>LOWE'S HOME CENTERS, LLC, a Corporation,<br><br>              Defendants. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: November 25, 2024<br>Judge:   The   Honorable   Cathy   Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HIGGS FLETCHER &
MACK LLP

Defendant LOWE'S HOME CENTERS, LLC ("LHC") submits this Memorandum of Law in Support of its Motion to File Documents Under Seal ("Motion to Seal"), pursuant to the Protective Order entered at ECF No. 33 ("Protective Order") and the Honorable Cathy Ann Bencivengo's Civil Case Procedures ("Individual Rules"), Part V.

## ARGUMENT

By emails dated October 15, 2024, counsel for plaintiff DS Advanced Enterprises, Ltd. ("Plaintiff") stated that Plaintiff intended to file a motion pursuant to Fed. R. Civ. P. 52(b) and an opposition to LHC's motion for attorney's fees under 35 U.S.C. § 285,[1] which would cite materials LHC designated as Confidential and/or Attorneys' Eyes Only. Declaration of Scott D. Stimpson ("Stimpson Decl."), Ex. A. Counsel for Plaintiff indicated that these materials include the entire documents having the following Bates stamps: LHC_000791, LHC_000792, LHC_000794, LHC_000788, LHC_001732, LHC_001730, LHC_000795, LHC_000820, LHC_000815, LHC_000841, LHC_001803, LHC_000837, LHC_000813, LHC_000817, LHC_000827, LHC_000826, LHC_001802, LHC_000832, LHC_001801, and LHC_000841 (collectively, the "Confidential Documents"). *Id*. [2]

As such, LHC files this Motion to Seal pursuant to Rule V(2) of Individual Rules, seeking to seal the Confidential Documents that reveals (1) non-public sales, costs, and profit data for LHC's products; (2) non-public diagrams of LHC products; (3) design and pricing of LHC's products; (4) LHC's business arrangement with

---

[1] LHC has not yet filed its motion for attorneys' fees under 35 U.S.C. § 285.

[2] Plaintiff has given no indication why the Confidential Materials bear any relevancy to the issues likely to be briefed in connection with Plaintiff's anticipated motion and opposition, which derive solely from the non-infringement positions taken in LHC's summary judgment motion.

vendors; and (5) identity, contact information, and employment records of LHC's employees.

## I.    LHC Has Shown Good Cause to Seal the Confidential Documents

"'[G]ood cause' suffices to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "When a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.*; *see also Robert Half Int'l, Inc. v. Ainsworth*, No. 14-CV-2481, 2015 U.S. Dist. LEXIS 92761, at *9 (S.D. Cal. July 15, 2015) (finding "good cause to file these exhibits under seal" "because they are designated as 'confidential' pursuant to the parties' stipulated protective order signed by" the judge). "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips* 307 F.3d at 1213.

Here, LHC_000788, LHC_000791, and LHC_000792 were designated as "CONFIDENTIAL." *See* Stimpson Decl., Exs. B to D. Pursuant to the Protective Order, they may be viewed, as relevant here, "only by counsel . . . of the receiving party" and certain "additional individuals" who have read the Protective Order and signed the form for Acknowledgment and Agreement to Be Bound attached thereto as Exhibit A. Dkt. #33, ¶ 10. The rest of the Confidential Documents were designated as "CONFIDENTIAL – FOR COUNSEL ONLY." *See* Stimpson Decl., Exs. E to T.

Pursuant to the Protective Order, they may be viewed, as relevant here, "only by counsel . . . of the receiving party." Dkt. #33, ¶ 9. Accordingly, to the extent that LHC seeks to seal the Confidential Documents in connection with a non-dispositive motion, it has shown good cause and rebutted the public's right to access of information.[3]  During the course of discovery, Plaintiff did not object to the respective confidentiality designations of any of the Confidential Documents.

## II.    Alternatively, LHC Has Shown Compelling Reasons to Seal the Confidential Documents

To the extent that the Court considers the motion or opposition Plaintiff intends to file as dispositive, the "compelling reasons" standard would govern LHC's Motion to Seal. *See Vuz v. DCSS III, Inc.*, No. 3:20-cv-00246, 2021 U.S. Dist. LEXIS 113056, at *2–3 (S.D. Cal. June 16, 2021) ("Parties seeking to seal documents in a dispositive motion must meet the high threshold requiring 'compelling reasons' with specific factual findings to support a sealing . . . [T]he technical dispositive or non-dispositive label on the motion does not necessarily control, but rather that courts must consider how closely the motion bears on issues central to the merits."). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *JBS Packerland, Inc. v. Phillips Cattle Co.*, No. 24-cv-01299, 2024 U.S. Dist. LEXIS 182072, at *2 (S.D. Cal. Oct. 4, 2024).

---

[3] Even if the Court does not consider the Protective Order alone is sufficient to establish good cause, as discussed in Part II, *infra*, LHC has compelling reasons to justify sealing the Confidential Documents and, as such, meets the good cause standard. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("This 'good cause' standard presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard.").

"[A] trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *San Diego Detox, LLC v. Detox Ctr. of San Diego LLC*, No. 3:22-cv-01145, 2024 U.S. Dist. LEXIS 135757, at *3–4 (S.D. Cal. July 31, 2024). "[C]ourts have been willing to seal court filings containing confidential business material, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data,' where the 'parties have been able to point to concrete factual information' to justify sealing." *Id.* at *4. Additional types of confidential business for which courts have found compelling reasons to seal include: (1) "pricing terms, royalty rates, and guaranteed minimum payment terms," *In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008); (2) "information regarding parties' profits, expenditures, and losses," *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021); (3) "proprietary, non-public circuit diagrams of certain components of the accused products," *Edtronic, Inc. v. Axonics Modulation Techs., Inc.*, No. 8:19-CV-02115, 2023 WL 6813743, at *2 (C.D. Cal. Aug. 31, 2023); (4) "confidential information regarding . . . formulas, product development, testing protocols, internal business strategies, internal communications, and financial information," *Prescott v. Reckitt Benckiser LLC*, No. 20-CV-02101-BLF, 2023 WL 2465778, at *2 (N.D. Cal. Mar. 9, 2023); (5) "proprietary product design," *3D Sys., Inc. v. Wynne*, No. 21-cv-1141, 2024 U.S. Dist. LEXIS 151953, at *9 (S.D. Cal. Aug. 21, 2024); (6) "contract terms and financial arrangements" between business partners, *Edifecs Inc. v. Tibco Software Inc.*, No. C10-330-RSM, 2011 U.S. Dist. LEXIS 166586, at *3 (W.D. Wash. Oct. 11, 2011); (7) "personally identifying information, such as names, addresses, phone numbers, and email addresses" of nonparty employees that "are irrelevant to the [p]arties' claims and defenses," *Unifyscc v. Cody*, No. 5:22-cv-01019, 2024 U.S. Dist. LEXIS 145918, at *4–5 (N.D. Cal. Aug. 15, 2024); *Hubbard v. Google LLC*, No. 19-cv-07016, 2024 U.S. Dist. LEXIS 138517, at *6 (N.D. Cal. Aug. 5, 2024); (8) "employment and

personnel records," *Rafferty v. Keypoint Gov't Solutions*, No: 4:16-cv-00210, 2020 U.S. Dist. LEXIS 225791, at *20 (D. Idaho Nov. 30, 2020).

As described in the chart below, the Confidential Documents contain multiple types of confidential business information.

| Document by the Bates number | Description of confidential data |
|---|---|
| LHC_000788; LHC_000791; LHC_000792 to 793 | These documents reflect communications produced by LHC with an outside marketing group, believed to be associated with Plaintiff. These were originally marked confidential as part of LHC's business discussions. |
| LHC_000794; LHC_000795 to 812 | These documents reflect communications produced by LHC reflecting its solicitations for new products and communications with an outside vendor who is pitching to sell to LHC. The attached presentation contains diagrams of certain proposed products contemplated by LHC. The final page pertains to the accused product at issue in this litigation and includes LHC's and that vendor's projections on various sales information, including unit price and cost, as well as an estimate of total sales, gross margin, store count and gross margin percentage. |
| LHC _000813 to LHC_814; LHC_000815 to 816 | These documents reflect communications produced by LHC with an outside vendor regarding the accused products and specifications. |
| LHC_000817 to 819; LHC_000820 to 824 | These documents reflect internal communications and a presentation produced by LHC discussing the design and pricing of the accused products. The presentation includes details such as the products' unit price and cost, as well as an estimate of total sales, gross margin, and gross margin percentage. |
| LHC_000826 | This document reflects LHC's internal communications discussing the development of the accused products. |
| LHC_000827 to 828 | This document reflects LHC's communications with an external vendor discussing pricing and development of the accused products. |

| LHC_000832 | This document reflects LHC's communications with an external vendor discussing projected sales of the accused products. |
|---|---|
| LHC_000837 to 838 | This document reflects LHC's communications with an external vendor discussing unit cost, projected sales, pricing, and supply of the accused products. |
| LHC_000841 to 887 | This document consists of a spreadsheet detailing sales, costs, and profit data for the accused products, from July 2022 through March 2024, including gross revenue, net revenue, costs of goods sold, total units sold, and net margins, among other things. |
| LHC_001730; LHC_001732 | These documents reflect organization charts produced by LHC, which include detailed contact information for various employees as well as internal business structure. |
| LHC_001801 | This is a spreadsheet produced by LHC providing details on certain purchase orders for the accused products. |
| LHC_001802; LHC_001803 to 1804 | These documents reflect employment and personnel records produced by LHC pertaining to certain Rona, Inc. employees. |

*See* Stimpson Decl., Exs. B to T.

The above confidential business information could enable LHC's competitors to use that information, willfully or otherwise, to compete with LHC in selling light fixtures. For example, LHC's competitors (including Plaintiff) could use the revenue and pricing data to inform their own pricing and purchase decisions. The disclosure of confidential product diagrams and design information will allow the competitors to develop similar products using the same methods as LHC, without having to incur the research and development costs. Also, LHC has an interest in keeping its own organizational charts confidential as well as the detailed contact information of its sales employees. Finally, the records for the Rona, Inc. employees contain personal employment information that should not be disclosed publicly due to privacy concerns. Therefore, LHC has established compelling reasons for granting the Motion to Seal.

HIGGS FLETCHER &
MACK LLP

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, LHC respectfully requests that the Court enter an order sealing all the Confidential Documents.

Dated:  October 21, 2024              Respectfully submitted,

                                      HIGGS FLETCHER & MACK LLP

                                      By: _____*/s/ Peter S. Doody*_____
                                           PETER S. DOODY

                                      SILLS CUMMIS & GROSS P.C.
                                      Scott D. Stimpson (Pro Hac Vice)
                                      Katherine M. Lieb (Pro Hac Vice)
                                      Linxuan Yan (Pro Hac Vice)

                                      Attorneys for Defendant LOWE'S HOME CENTERS, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on October 21, 2024, to all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

*/s/ Peter S. Doody*
Peter S. Doody