# **EXHIBIT A**

*Exhibit*

1

# Sills Cummis & Gross
A Professional Corporation

101 Park Avenue, 28th Floor
New York, New York 10178
Tel: (212) 643-7000
Fax (212) 643-6500

Scott D. Stimpson
Member
Admitted In NY
Direct Dial: 212-500-1550
Email: sstimpson@sillscummis.com

The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Tel: (973) 643-7000
Fax: (973) 643-6500

September 26, 2024

**By Email**
Patrick Cummins, Esq.
3426 Pepperhill Rd.
Lexington KY 40502
Email: Patrick@CumminsIP.com

Re: Subpoena to Non-Party LG Sourcing, Inc.;
*DS Advanced Enterprises, Ltd. v. Lowe's Home Centers, LLC*;
23-cv-1335-CAB-JLB (the "Litigation")

Dear Patrick:

Non-party LG Sourcing, Inc. ("LG Sourcing") hereby makes the following objections to the Subpoena to Produce Documents, Information, or Objects (the "Subpoena") served by Plaintiff DS Advanced Enterprises, Ltd. ("DSAE") in the Litigation.

**OBJECTIONS TO REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST:** Any and all correspondence discussing any of the attached Purchase Orders, as well as any replies to, and forwards of, such correspondence; and also any documents attached to such correspondence.

**OBJECTION:** LG Sourcing objects to this Request as overbroad, unduly burdensome, irrelevant, not proportional to the needs of this Litigation, and not seeking documents reasonably

*Exhibit*

2

**Sills Cummis & Gross**
A Professional Corporation

Patrick Cummins, Esq.
September 26, 2024
Page 2

calculated to lead to the discovery of admissible evidence. LG Sourcing is not a party to this case, and correspondence, if any, in its files about these "Purchase Orders" is irrelevant. LG Sourcing further objects because this Request seeks documents that are obtainable from other sources that are more convenient, less burdensome, and/or less expensive, and in particular, from the defendant in this Litigation, Lowe's Home Centers, LLC ("LHC"). To the extent that Plaintiff deems the Purchase Orders as relevant, Plaintiff may seek discovery from LHC about these Purchase Orders as part of the Litigation. Additionally, LG Sourcing objects to this Request to the extent it seeks discovery of information that is protected by virtue of the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection.

Finally, LG Sourcing objects to the Subpoena as defective. The Subpoena violates Fed. R. Civ. 45(c)(2) in that it requires the production of documents and electronically stored information at a place more than 100 miles where LG Sourcing resides, is employed, or regularly transacts business in person.

LG Sourcing will not be producing documents in response to this Request.

Sincerely,

s/ Scott D. Stimpson
Scott D. Stimpson

*Exhibit*

3