1
2
3
4
5
6
7
8

Patrick Cummins (SBN: 294400)
Patrick@CumminsIP.com
Cummins IP PLLC
3426 Pepperhill Rd.
Lexington, KY 40502
Telephone: 502.445.9880
*Counsel for Plaintiff,*
  *DS Advanced Enterprises, Ltd.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation, <br><br> *Plaintiff*, <br><br> v. <br> LOWE'S HOME CENTERS, LLC, a corporation, <br><br> *Defendant*. | Case No.: 3:23-cv-01335-CAB-JLB <br><br> **Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Attorney's Fees and Related Expenses** <br><br> Date:    November 27, 2024 <br> Judge:   Hon. Cathy Ann Bencivengo <br><br> PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

## *Table of Contents*

I. Introduction To Opposition Memorandum...................................................................1

II. Legal Standard............................................................................................................2

III. Lowe's Repeated False Assertions Of "Ever-Changing" Infringement Theories
    Should Finally Be Considered A Violation Of Rule 11 .........................................3

  A.   Plaintiff's Original Complaint And Final Infringement Contentions
       Alleged The Same Accused Metal Housing Of The Accused Products
       Despite Lowe's False Assertions To The Contrary.............................................3

  B.  Plaintiff Did In Fact Rebut The Testimony Of Dr. Bretschneider ....................4

  C.   Plaintiff's Construction For "Twist Connector" Did Not Change From
       Parties' Joint Worksheet Despite Defendant Falsely Alleging Plaintiff's
       "Entire" Analysis Changed.................................................................................6

  D.   Plaintiff's Did Not "Abandon" Their Theory Of Infringement Regarding
       The "Output Wires" Despite Lowe's Counsel Lying And Asserting
       Otherwise...........................................................................................................9

IV. Other Cases Involving Plaintiff's Patent And Other Lowe's Entities Evidence
    Copying And Do Not Warrant Punishing An Inventor ......................................11

V. The Federal Rules Do Not Support Punishing A Plaintiff That Incorrectly Names
    A Defendant And Then Voluntarily Corrects The Name Without Issue ............13

  A.   Lowe's Companies, Inc. ...................................................................................15

  B.   LG Sourcing Of Shanghai, China.....................................................................16

  C.   LG Sourcing Of North Carolina .......................................................................17

  D.   LF LLC of North Carolina................................................................................17

V. The Protective Order Violation Is Disputed And Cannot Support Double
    Recovery Of Attorney's Fees ...........................................................................18

VII. Defendant Waived Their Right To Attorney's Fees By Untimely Filing Lowe's
    Motion ..............................................................................................................21

VIII.  Conclusion ...........................................................................................................22

*Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*
*Honorable Judge Bencivengo*
— i —    *Case No.: 3:23-cv-01335-CAB-JLB*

*Table of Authorities*

Cases

*Bell Howell Document Mgmt. v. Altek Sys*,
    132 F.3d 701 (Fed. Cir. 1998) ............................................................7

*Bruno Independent Living Aids v. Acorn Mobility Services*,
    02-C-0391-C, 15 (W.D. Wis. 2003) ..................................................17

*Dragon Intellectual Prop., LLC v. Dish Network LLC*,
    956 F.3d 1358, (Fed. Cir. 2020) ..........................................................2

*Gomez v. Vernon*,
    255 F.3d 1118 (9th Cir. 2001) .............................................................3

*Makekau v. Hawaii*,
    943 F.3d 1200 (9th Cir. 2019) ...........................................................16

*Nichols Inst. Diagnostics v. Scantibodies Clinical Lab*,
    Case No. 02CV0046-B (JMA), [Docket Nos. 736, 739, 747, 759], 13-14
    (S.D. Cal. May. 1, 2006).................................................................2, 3

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Circ 2005) ..........................................................8

*Renishaw PLC v. Marposs Societa' per Azioni*,
    158 F.3d 1243 (Fed. Cir. 1998) ...........................................................7

*Ruiz v. A.B. Chance Co.*,
    234 F.3d 654 (Fed. Cir. 2000) .............................................................2

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2017) .....................................................11, 13

*T.W. Elec. Service v. Pacific Elec. Contr*,
    809 F.2d 626 (9th Cir. 1987) .............................................................13

*Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*
*Honorable Judge Bencivengo*
— ii —    *Case No.: 3:23-cv-01335-CAB-JLB*

*Traylor v. U.S. Small Bus. Ass'n*,

    No. 21-56093 (9th Cir. Nov. 6, 2023) ........................................................2

*Where Do We Go Berkeley v. Cal. Dep't of Transp. (Caltrans)*,

    No. 21-CV-04435-EMC, 9 (N.D. Cal. Jun. 23, 2023) ............................16


Statutes

28 U.S.C. § 1927 ..............................................................................................2, 3, 12

35 U.S. Code § 299(c)................................................................................................15

35 U.S.C. § 1927 ......................................................................................................21

35 U.S.C. § 285 ....................................................................................................13, 21


Other Authorities

112 Cong. Rec. H4369 (daily ed. June 22, 2011) ...................................................11


Rules

Fed. R. App. P. 4(a)(4)..............................................................................................20

Fed. R. Civ. P. 11 .............................................................................................passim

Fed. R. Civ. P. 11(b)(3)...........................................................................................6, 7

Fed. R. Civ. P. 15(c)..................................................................................................13

Fed. R. Civ. P. 54(d)(2)..............................................................................................20

Fed. R. Civ. P. 54(d)(2)(B)(i) .....................................................................................2

Fed. R. Civ. P. 58(e)..................................................................................................20

Patent L.R. 3.1......................................................................................................1, 19

### *I. Introduction to Opposition Memorandum*

Defendant ("Lowe's") fails to set forth any evidence that qualifies this case as "exceptional" or that shows Plaintiff's Counsel multiplied proceedings recklessly or in bad faith. The allegation that Plaintiff set forth "ever-changing" is equally frivolous. Plaintiff *never* amended their infringement contentions served per Patent L.R. 3.1. Plaintiff never "abandoned" their infringement theory regarding the "metal housing", the "output wires", or the "twist connector". Lowe's asserting otherwise merely exposes their willingness to ignore Fed. R. Civ. P. 11. It is no wonder that the Lowe's counsel responsible for sending the cited Lowe's letters and emails does not sign these motions.

Lowe's summary judgment alleges "this case should have never been filed" and yet Lowe's *twice waived* their ability to dismiss Plaintiff's claims for patent infringement. These gestures by Lowe's are certainly head-scratchers in view of Lowe's motion to make this Case "exceptional". Lowe's waiving their ability to dismiss the patent infringement claims *twice* amounts to Lowe's admitting the plausibility of the patent infringement allegations. See Doc. Nos. 14 and 19, generally (Lowe's two motions to dismiss the willful infringement claims but *not* patent infringement). Both of those motions were denied.

Similar to their summary judgment motion, Lowe's again attempts to prove this Case is exceptional by citing to a letter they drafted—instead of addressing the record. Doc. No. 34 at pg. 8, lines 10-13) ("Since the inception of this case…See…warning letter") and Doc. No. 77 at pgs. 5 and 17 ("From the inception of this case….Ex. I, at 1. The letter…"). Plaintiff's Original Complaint and Plaintiff's Infringement Contentions per Patent L.R. 3.1 included the *same* image of the accused metal housing. That image shows the accused metal housing "encasing" the LED strip of the Accused Products, and the LED strip is expressly called out as part of the "complete fixture" in Plaintiff's Patent. This is essentially the same metal housing of Plaintiff's Covered Products. Per usual, Lowe's did not address the accused metal housing in their summary judgment motion, and instead hired an "expert" that would end up giving testimony about a plastic wafer that covers the accused metal housing so the accused metal housing appears "internal". All this effort,

instead of just addressing the accused metal housing that Plaintiff had pointed to since their Original Complaint.

Similar to Lowe's multiple motions to dismiss, Lowe's has now waived their ability to seek attorney's fees for the defending the patent infringement claims. Lowe's filed their attorney's fees motion more than 14 days after entry of final judgement on the patent infringement claims, in violation of Fed. R. Civ. P. 54(d)(2)(B)(i). See filed dates for Doc. No. 67 and Doc. No. 77. Plaintiff understood this Court's Order was a final judgment regarding patent infringement, and has since filed a notice of appeal and post-judgment motion based on deadlines set according to that final judgment. For that matter, Lowe's also understood the Order to be a final judgment regarding patent infringement, considering Lowe's emailed Plaintiff's Counsel about stipulating to an extension of time. Exhibit N.

Nonetheless, Plaintiff addresses each of the allegations in Lowe's attorney's fees motion, Doc. No. 77 ("Lowe's Motion"), and explains how Lowe's Motion is set forth by their undersigned attorney in violation of Fed. R. Civ. P. 11.

## *II. Legal Standard*

"[F]ees are awarded only in exceptional cases, and not to every prevailing party." *Dragon Intellectual Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1362 (Fed. Cir. 2020) (modified). "The prevailing party must prove the exceptional nature of the case by clear and convincing evidence." *Nichols Inst. Diagnostics v. Scantibodies Clinical Lab*, Case No. 02CV0046-B (JMA), [Docket Nos. 736, 739, 747, 759], 13-14 (S.D. Cal. May. 1, 2006) citing *Ruiz v. A.B. Chance Co.,* 234 F.3d 654, 669 (Fed. Cir. 2000). "Litigation misconduct and unprofessional behavior may suffice, by themselves to make a case exceptional under § 285 — the attorney's fee provision." *Id*. (modified) (not awarding attorney's fees where moving party provided list of allegations of bad faith and the court acknowledged defense counsel "played games" when scheduling deposition).

"Imposition of sanctions pursuant to 28 U.S.C. § 1927 is appropriate 'when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim

for the purpose of harassing an opponent.'" *Traylor v. U.S. Small Bus. Ass'n*, No. 21-56093, 5 (9th Cir. Nov. 6, 2023).  "Under 28 U.S.C. § 1927, the Court may order *an attorney* to reimburse attorney's fees incurred as a result of an attorney's conduct to multiply the proceedings 'unreasonably and vexatiously'".  *Nichols Inst. Diagnostics* at 15 (S.D. Cal. May. 1, 2006) citing *Gomez v. Vernon,* 255 F.3d 1118, 1134 (9th Cir. 2001) (modified).  "Section 1927 requires a finding of recklessness or bad faith."  *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001) (awarding inmates attorney's fees under 27 U.S.C. § 1927 where defendants' attorneys filed a contempt motion that "resulted in a hearing on that motion plus a three-day evidentiary hearing on the follow-on sanctions motion, in effect adding an extra 'trial' to the declaratory and injunctive relief action.").

### III. Lowe's Repeated False Assertions of "Ever-Changing" Infringement Theories Should Finally be Considered a Violation of Rule 11

Lowe's continues to falsely allege on the record that Plaintiff had "ever-changing" theories of infringement and this Court should finally consider this a violation of Fed. R. Civ. P. 11.  Lowe's should not be able to constantly rely on unchecked lies to skirt through litigation.  Lowe's primarily focuses on the "metal housing", "twist connector", and "output wires" elements to support their copy-paste arguments, but a cursory review of the record would have given them reason to not waste their time—again—making such arguments.

### a. Plaintiff Pointed to the Same Metal Housing in the Original Complaint and Final Infringement Contentions but Defendant Lies to Assert Otherwise

In true self-defeating fashion, Defendant acknowledges that "Plaintiff's *Original* Complaint" alleged that certain "metal parts" were the accused metal housing.  Doc. No. 77 at pg. 10, lines 13-15 (emphasis added).  Defendant cites to "Dkt. #1, ¶ 31", which refers to the claim table in Plaintiff's *Original* Complaint.  For ease of reference, the portion of that claim table referring to the "metal housing (108)" is reproduced on the following page.

Compare this to Plaintiff's Patent L.R. 3.1 Infringement Contentions, which were attached to Plaintiff's Opposition to Lowe's Summary Judgment Motion but never addressed in Lowe's Summary Judgment Motion. See Doc. No. 45-1 at pg. 111, also reproduced to the right. The same metal part of the Accused Products is asserted as being the "metal housing".



Lowe's is just flat out lying when they say this theory of infringement regarding the metal housing was "ever-changing". Doc. No. 77 at pg. 11, lines 12-28. The image from Plaintiff's Final Infringement Contention Brief is the *same* as the image from Plaintiff's *Original* Complaint. Addressing Lowe's repeated falsehoods before this Court has been an



exhausting game of whack-a-mole. Considering the "metal housing" arguments represent Lowe's primary contention for why this Case is exceptional, this Court need not look any further to justify denying Lowe's Motion. Nonetheless, Plaintiff addresses the other arguments and falsehoods set forth by Lowe's in violation of Fed. R. Civ. P. 11.

### b. Plaintiff Did in Fact Rebut the Testimony of Dr. Bretschneider

Lowe's cites to the Court's summary judgment ruling to further support their contention that this Case is exceptional, but the cited portions are not accurate, nor do they support this Case being exceptional. Doc. No. 77 at pg. 11, lines 3-24. The judgement from this Court states: "DS Advanced offers no evidence to rebut Dr. Bretschneider's analysis and conclusion related to the plastic housing, apart from its somewhat tortured claim construction of 'metal housing'". *Id.* citing Doc. No. 67 at pg. 7, lines 12-15.

Respectfully, Plaintiff asserts that they *did* offer evidence to rebut Dr.

Bretschneider's analysis. Doc. No. 45 at § IV(a). Plaintiff's Opposition brief expressly states that "Plaintiff has already expressly identified…features of the Accused Products [that] include the 'metal housing (108)'….These elements…were also provided as a physical exhibit. See Exh. 12." *Id.* at pg. 32, lines 21-28. This refers to the *same* accused metal housing identified in Plaintiff's *Original* Complaint. This is essentially the same metal housing of Plaintiff's Covered Products, shown below. Plaintiff therefore did *in fact* offer evidence to rebut Dr. Bretschneider's, at least in the form of the physical "Exh. 12", which was provided to this Court with Plaintiff's Opposition brief. *Id.*

Plaintiff also repeatedly pointed to the accused metal housing in briefs and exhibits. *Id.* Images of the physical "Exh. 12" were also included in Plaintiff's Opposition brief, but not addressed by this Court or rebutted by the Defendant. As Plaintiff alleges in their post-judgment motion, this was a genuine issue of material fact that was improperly decided at summary judgment. Doc. No. 79-1 at pgs. 15-16. An excerpt of a diagram from the post-



Retrofit clips (102), another separate component, are attached to the metal housing (108) to provide a friction fit inside a recessed lighting fixture housing to secure the complete fixture (112) inside. [*Id.*, Figs. 7 and 8B.]

Plaintiff's Covered Product

Lowe's Accused Product

of the complete fixture (112), among numerous individually identified components. The specification describes the metal housing (108) as the base of the complete fixture (112). [Patent No. '118, Ex. 34-5, at Col. 4:25-26.] Different terms are presumed to mean different things. *CAE Screenplates, Inc. v. Heinrich Fiedler GmbH & Co. KG*, 224 F.3d 1308, 1317 (Fed. Cir. 2000).

judgment motion is included above for ease reference. *Id.* at pg. 11. This diagram compares the accused metal housing, the metal housing of Plaintiff's Covered Products, and excerpts from this Court's judgment. *Id.* For at least these reasons, Plaintiff respectfully asserts that Plaintiff *did* rebut the self-serving testimony of Dr. Bretschneider's.

c.    ***Plaintiff's Construction for "Twist Connector" Did Not Change from Parties' Joint Worksheet Despite Defendant False Allegations***

Lowe's also falsely asserts that "Plaintiff changed its entire analysis" regarding the proposed claim interpretation for "twist connector". Doc. No. 77 at pg. 12, lines 7-10. Lowe's even asserts that Plaintiff provided a "new proposed construction that is not directed to the connector at all" but this is yet another blatant false statement by Lowe's and the undersigned attorney in violation of Fed. R. Civ. P. 11. *Id.* at lines 12-13. Plaintiff's proposed construction for "twist connector" from the Joint Claim Construction is: "a *connector* that relies on an act of twisting." Doc. No. 42-2 at pg. 6 (emphasis added). These express assertions by Lowe's and Higgs Fletcher & Mack LLP are clear violations of Fed. R. Civ. P. 11(b)(3) ("By…signing…an attorney…certifies…the factual contentions have evidentiary support").

Lowe's also attempts to quote page 23 (ECF pg. 30) of Plaintiff's Opposition to further support their assertions regarding the "twist connector" element, but this is simply another attempt by Lowe's to mislead this Court. In the sentence immediately following the passage quoted by Lowe's, Plaintiff's Opposition brief expressly asserts:

> When considered in view of the intrinsic evidence for the Patent, this Court can arrive at Plaintiff's proposed constructions for "twist connector" and for "a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108)". See Doc. No. 42-2 at pg. 6.

Doc. No. 45 at pg. 30, lines 21-24.

This passage refers to Plaintiff's proposed construction for the entire claim phrase "a twist connector (118) to attach the output wires of the junction box (116) to the metal

housing (108)". That construction was as follows:

> a *connector* that relies on an act of twisting and that attaches, to the metal structure, the plurality of wires extending from the plurality of connection wirings or the junction box

Doc. No. 42-2 at pg. 6 (emphasis added).

Plaintiff did not submit a "new proposed construction that is not directed to the connector at all". Doc. No. 77 at pg. 12, lines 12-13. Plaintiff's proposed construction clearly includes the word "connector". Lowe's Motion is simply asking this Court to deny their own reality. Plaintiff even proposed further limiting the construction of twist connector to a connector that "attaches...the plurality of wires" "to the metal housing". Comparing this to Lowe's false assertion that Plaintiff proposed construing "twist connector" to "cover anything capable of connecting 'twisted things'" reveals how half-baked Lowe's argument is. Doc. No. 77 at pg. 6, lines 3-4. Lowe's is seemingly asserting that Plaintiff invited the "metal housing" to be considered a "twisted thing", which is of course absurd.

Finally, Lowe's and Higgs Fletcher & Mack LLP violate Fed. R. Civ. P. 11(b)(3) again by stating that "apparently not even the inventor on the '118 Patent (and current CEO of the Plaintiff) could be convinced to support this argument under oath." Doc. No. 77 at pg. 12, lines 22-23. This is now the *second* time Lowe's and Higgs Fletcher & Mack LLP have submitted this exact false statement to this Court. See Doc. No. 48 at pg. 18, lines 3-6 (the same line, verbatim). Of course, each time Lowe's makes this assertion, no source is ever cited, further evidencing their Rule 11 violation.

At least with respect to inventor testimony, the Federal Circuit has expressly indicated that "testimony of an inventor and his attorney concerning claim construction is [] entitled to little or no consideration." *Bell Howell Document Mgmt. v. Altek Sys*, 132 F.3d 701, 706 (Fed. Cir. 1998) (modified). Plaintiff's Counsel understood this and thus set forth infringement contentions that relied on the *intrinsic* evidence, especially the words of Claims 1-5, because that leads to the "correct claim" construction. Doc. No. 67 at pg. 4 citing *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998)

1   ("The construction that stays true to the claim language and most naturally aligns with the
2   patent's description of the invention will be, in the end, the correct construction."").
3   Plaintiff's Opposition brief repeatedly emphasized that binding precedent does *not* support
4   extrinsic evidence being necessary for claim construction in this Case.  Doc. No. 45 at pg.
5   9, lines 7-25.

6       For what it's worth, the "wire nut" device Lowe's construction refers to was invented
7   in Canada by Bill P. Marr in 1914 and was branded as "Marrette" connector[1].  These
8   connectors are still commonly referred to as "Marrette connectors" in Canada, where
9   Plaintiff is organized, and where Mr. Sherman, the inventor, is a citizen.  Wire nuts are still
10  sold in Canada as Marette Connectors[2].  See Exhibit P (excerpt from Rona.ca[3]).  See also,
11  Lowe's proposed construction at Doc. No. 42-2 at pg. 6 ("Twist Connector:…also known
12  as a wire nut.").

13      Plaintiff argued that the intrinsic evidence does *not* support the claim element "twist
14  connector" being *exclusively* limited to a "wire nut", but *agreed* that the claim element
15  includes a wire nut.  Doc. No. 45 at pg. 28, lines 7-17.  Defendant asserts they submitted
16  "overwhelming evidence" of the understanding of twist connector but fails to acknowledge
17  they submitted *extrinsic evidence* without any consideration of whether their extrinsic
18  evidence conflicted with the intrinsic evidence.

19      The twist connector "118" is shown in FIG. 7 of Plaintiff's Patent, and shows wires
20  entering two *opposing* ends of the twist connector 118.  Compare this to the evidence
21  Defendant submitted (reproduced below) and one can readily confirm that Lowe's "wire
22  nut" only has *one* end for receiving wires—not two opposing ends.  The Patent Claims are
23  of course not limited by every visible feature from FIG. 7, but, as a matter of claim
24  construction, it is improper to construe "twist connector (108)" in a way that does *not* cover

---

[1] https://el-sales.ca.abb.com/marrette/
[2] https://www.rona.ca/en/product/marr-xtp-marette-yellow-twist-on-polypropylen-wire-connectors-100-bx-mr333p-0320163
[3]  .  Rona was owned by Lowe's at the time Plaintiff gave their presentation to Rona / Lowe's Canada in 2019.

*Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*
*Honorable Judge Burkhardt*
— 8 —    *Case No.: 3:23-cv-01335-CAB-JLB*

FIG. 7 unless the Claims state otherwise. FIG. 7 is intrinsic evidence after all, and as such, it expresses the applicant's intention to not limit the "twist connector (108)" to just a wire nut. Doc. No. 67 at pg. 4, lines 15-17 citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc) ("Claims must be read in view of the specification of which they are a part.").

Plaintiff's Counsel's analysis of the intrinsic evidence was justified under *Phillps* and not a "tortured" or "strained" exercise.

 

### d. Plaintiff's Did Not "Abandon" Their Theory of Infringement Regarding the "Output Wires" Despite Lowe's Counsel Falsely Asserting Otherwise

Lowe's asserts that Plaintiff exhibited "ever-changing" and "frivolous" infringement theories regarding the "plurality of output wires" element, but this is another falsehood submitted by Lowe's and their Counsel. A cursory review of the Original Complaint, Amended Complaint, and Plaintiff's Infringement Contentions per Patent L.R. 3.1 reveals otherwise.

Below are annotated excerpts from Plaintiff's Original Complaint, Amended Complaint, and Infringement Contentions per Patent L.R. 3.1. The *same* image is shown in each of the three excerpts next to the same claim language from Claim 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







Once again, by asking this Court to conclude Plaintiff was "flip-flopping" or "abandoning" theories of infringement, Lowe's is basically telling this Court to deny what they can confirm with their own eyes. The same portions of the Accused Products have been alleged as the "output wires" of Claim 1. Lowe's Counsel's assertion that Plaintiff

"abandoned" this theory of infringement is yet another violation of Fed. R. Civ. P. 11. All of this effort so Lowe's can deprive the actual inventor of this product from receiving any credit for his invention.

### IV. Other Cases Involving Plaintiff's Patent and Other Lowe's Entities Further Evidence Non-Obviousness and Do Not Warrant Punishing an Inventor

Defendant provides no evidence that Plaintiff "should have known" that Lowe's Companies, Inc., LF LLC, and Yankon Lighting had nothing to do with the Accused Products. Doc. No. 77 at pg. 14, lines 24-27. And then, Lowe's Counsel claims to have "wasted substantial time and effort" showing Plaintiff's Counsel what he "should have known". *Id.* The purported "substantial time and effort" appears to refer to a phone call and email on the morning of August 21, 2023. That email is attached as Exhibit C. Cummins Decl. at ¶ 3. At the time, Lowe's Counsel was apparently fine with each party bearing "its own costs and attorney's fees" but may have since reneged. Doc. No. 5 at ¶ 1. Lowe's Motion is the first time Plaintiff is hearing of Defendant claiming attorney's fees for Plaintiff initially including those three entities in the original Complaint. Nonetheless, the Federal Rules and applicable precedent do not support punishing a plaintiff for initially naming the wrong defendant. See § V, ¶¶ 1-2, *infra.*

Lowe's is attempting to create a per se rule that a plaintiff asserting their patent against other defendants makes a case exceptional. The Federal Circuit has recognized that this is an unreasonable conclusion to draw. See *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1351 (Fed. Cir. 2017). See also, 112 Cong. Rec. H4369 (daily ed. June 22, 2011) (Rep. Sheila Jackson Lee discussing the America Invents Act of 2012 and stating: "We hope that some of the small businesses and large companies have their lawyers fighting to preserve and protect their patents.").

1    For conciseness, Plaintiff's Counsel provides the following annotated image for

2    comparing some of the products accused in each case involving Plaintiff's Patent.

3    Defendants in these other cases have moved, or are attempting to move, these cases to other

4    Districts.  Otherwise, they would have remained in C.D. Cal. and S.D. Cal., which likely

5    would have been more efficient.

6    Plaintiff includes the below image to evidence the similarities between Plaintiff's

7    Covered Product, the accused products in each case, and Plaintiff's Patent Claims.  The

8    accused products shown below reveal how blatant these products infringe Plaintiff's Patent

9    Claims.  It should also be noted that there is an extreme disparity in resources between

10   parties in each case.  The manufacturers of each accused product are companies in China

11   with estimated billion dollar market capitalizations, while Plaintiff qualifies as a micro-

12   entity because their gross income falls below a threshold value.  In this Case in particular,

13   the manufacturer of the Accused Products is a Chinese company, Zhejiang Yankon Mega.

14   See Lowe's Exhibit R at Column C (under seal per Doc. Nos. 76 and 80).  In the D. Mass.

15   case, the defendant is owned by a Chinese company, MLS Co.  In the C.D. Cal. case, the

16   Chinese company Zhejiang KLite is believed to manufacturing the accused products.

17   Lowe's of course blames Plaintiff for these cases being initiated, while having no scruples



*Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*
*Honorable Judge Burkhardt*

about reaping profits from these overseas pirating practices.  See Lowe's Exhibit O, pg. 16, Col. M, 107 compared to Col. R, 107 (under seal per Doc. Nos. 76 and 80).

Lowe's does not even address the merits of each case, and instead opted to attach hundreds of pages of pleadings without addressing contents of to any particular page of any of them, and perhaps stopping just short of citing Plaintiff's Counsel's other pro bono work.[4]  In the only other ongoing case involving Lowe's, Plaintiff has already stipulated to staying that case against one defendant[5].  In that same case, Plaintiff's Counsel indicated at a subsequent hearing that Plaintiff would be willing to stay the case against Lowe's, but would prefer some discovery regarding willful infringement still be available[6].  Meanwhile, Defendant is attempting to impose sanctions in this Case under 28 U.S.C. § 1927 without any grounds that show recklessness or bad faith by Plaintiff's Counsel. *T.W. Elec. Service v. Pacific Elec. Contr.*, 809 F.2d 626, 638 (9th Cir. 1987) ("1927 may be made only on a finding that the attorney acted 'recklessly or in bad faith.'").  The facts and precedent do not support finding Plaintiff's Counsel liable for attorney's fees under § 1927, nor do they support finding this Case exceptional.

### V.  The Federal Rules Do Not Support Punishing a Plaintiff who Incorrectly Names a Defendant and then Voluntarily Corrects the Name without Issue

Defendant in this Case makes no citation to anything to support their conclusion that "Plaintiff had no basis to assert infringement against three of the four entities".  Doc. No. 77 at pg. 15, lines 20-24.  Defendant makes this empty assertion to support their contention that this Case is exceptional per 35 U.S.C. § 285.  Nonetheless, the Federal Rules of Civil Procedure anticipate plaintiffs making mistakes regarding a defendant's identity.  This is

---

[4] *People v. Filder Auma*, SCD121117, October 17, 2024 (Super Ct. San Diego County) (hearing vacating guilty plea) (unpublished).

[5] *DS Advanced Enterprises v. Cooper Lighting LLC et al*., No.5:23-cv-02603-JAK-SHK, Doc. No. 54 (C.D. Cal. September 27, 2024) (Granting stipulation to stay case against Amazon Defendants).

[6] See *Id*. at Doc. No. 70, and Cummins Decl. at ¶ 4.

in part why Fed. R. Civ. P. 15(c) was promulgated.  Fed. R. Civ. P. 15, Advisory Committee's Notes - 1966 Amendment (discussing how the amendment addresses "several recent cases" in which a claimant would name the wrong agency of the United States and ultimately be barred by a statute of limitations because of a failure to seek to amend their complaint in time).

Additionally, Defendant cites a number of opinions in their discussion of the other cases involving Plaintiff's Patent, but none of those opinions support finding this Case exceptional.  For example, Defendant cites *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2017) wherein a plaintiff was accused of, *inter alia*, repeatedly advancing suits and then dismissing their claims once faced with the prospect of the merits being tested at trial.  *Id.* at 1351.  In *SFA Sys.*, the Federal Circuit ultimately *affirmed* that the case was *not* exceptional per 35 U.S.C. § 285 because "mere existence of these other suits does not mandate negative inferences about the merits or purpose of this suit."  *SFA Systems, LLC*, 793 F.3d 1351 (Fed. Cir. 2015).  Similar to the defendant in *SFA Systems, LLC*, Defendant is asking this Court to erroneously draw a negative inference from Plaintiff asserting their Patent in other cases, without any substantive discussion of the merits of those other cases (*e.g.*, Defendant attaches 100's of pages of pleadings without discussing the importance of any particular page—a practice proscribed by Judge Bencivengo's Chamber Rules).

Nonetheless, Plaintiff will address each separate Lowe's entity that was momentarily a party in a case involving Plaintiff's Patent.  Plaintiff will not address Lowe's Home Centers, LLC ("Lowe's") since Lowe's indirectly admits that Plaintiff *has* a legitimate basis to assert patent infringement against Lowe's (the fourth of the "four entities") in this Case and the Central District case.  See Doc. No. 77 at pg. 15, lines 20-24 (Lowe's alleges "Plaintiff had no basis to assert infringement against *three* of the four entities") (emphasis added).

### A. *Lowe's Companies, Inc.*

Of particular importance to this Case is Lowe's agent, Mr. Brandon Abbott, who was presented with Mr. Sherman's invention via email as early as 2019. See Exhibit C[7]. Lowe's falsely denied this happened, on the record, further violating Rule 11. See Doc. No. 29, pg. 4, lines 12-14 ("Plaintiff never made any presentation about this product to the defendant LHC."). A simple google search for "Brandon Abbott" reveals Mr. Abbott's LinkedIn profile, wherein Mr. Abbott holds himself out as being employed by "Lowe's Companies, Inc.". See Exhibit B. Lowe's produced an internal organization chart identifying Mr. Abbott, but of course this chart does not actually identify any corporate entity. See Lowe's Exhibit P (under seal per Doc. Nos. 76 and 80). Mr. Abbott was approached by Plaintiff's sales representative, Matt Varnell of Total Marketing International, in furtherance of getting Plaintiff's Covered Products retailed by Lowe's. See Lowe's Exhibits C and D (under seal per Doc. Nos. 76 and 80).

Aside from this evidence, Lowe's Companies, Inc. is still reasonably believed to be involved in the Accused Products and should be added as a party if Plaintiff's Appeal is successful. As recent as December 2022, representatives for Defendant were confirming, under oath, that the "sole member of Lowe's Home Centers, LLC is Lowe's Companies, Inc." See Exhibit A. Additionally, Lowe's Companies, Inc. can plausibly be liable as a contributory infringer, since Mr. Abbott was believed to have assisted with procuring pirated versions of Plaintiff's Covered Products. Nonetheless, Lowe's Companies, Inc. was dropped from this Case at the pleading stage, even before any waiver of service was filed. Defendant did not address Lowe's Companies, Inc. in their two motions to dismiss willful infringement. Both of those motions were unsuccessful.

---

[7] It should be noted that Lowe's falsely alleged on the record that

*Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*

*Honorable Judge Burkhardt*

### *B. LG Sourcing of Shanghai, China*

Lowe's Global Sourcing (Shanghai) Trading Co. Ltd. (d/b/a 劳购氏(上海)贸易有限公) ("Lowe's China") is a Chinese entity registered in China by Lowe's legal representative David Ray Green.  See Exhibit G.  Mr. Green *also* holds himself out as being employed by Lowe's Companies, Inc.  See Exhibit M.  In a lawsuit involving Zhejiang Yankon ("Yankon") (the manufacturer of the Accused Products in this Case), a representative for Yankon provided testimony that is now publicly available.  See Exhibit F and Lowe's Exhibit R at Column E (under seal per Doc. Nos. 76 and 80) (identifying the manufacturer and importer).  The Yankon lawsuit involved a "Utilitec Pro LED Recessed Retrofit Downlight" and the Accused Products in this Case are also Utilitech LED downlights manufactured by Yankon.  *Id*.  In the Yankon lawsuit, the Yankon representative confirms that the initial conversations involving the Utilitec product in that case included "Lowe's Shanghai team, the Shanghai procurement department."  *Id*. Therefore, it was certainly plausible that Lowe's China was involved in the procurement and importing of the Accused "Utilitech" Products in this Case, and importing products can be considered infringement under 35 U.S.C. § 271(a) ("whoever…imports into the United States any patented invention…infringes the patent.").

Nonetheless, Plaintiff again voluntarily dismissed Lowe's China before any proof of service was filed in the C.D. Cal. case.  Lowe's Counsel could have waived the limitations of 35 U.S. Code § 299(c) but declined to do so.  The C.D. Cal. case was initiated in October 10, 2023, and Lowe's China was voluntarily dismissed on November 3, 2023, just a few days after Plaintiff's Counsel discussed that case with Lowe's Counsel over the phone.  See Exhibit K.  Lowe's Counsel in this case emphasized on the phone that they do not represent Lowe's China, so as to avoid Lowe's China from being served process in the US. That C.D. Cal. case is now closed and Lowe's China never motioned the C.D. Cal. Court for

attorney's fees.[8]  The case against the other defendant, Ledvance LLC, is ongoing in the District of Massachusetts.  Plaintiff has evidence that Ledvance LLC received samples of Plaintiff's Covered Products, further reinforcing the secondary considerations of non-obviousness (*e.g.*, copying and commercial success). See Exhibit P and Cummins Decl. at ¶ 5.

### C. LG Sourcing of North Carolina

LG Sourcing, Inc. holds itself out as the "4th Largest Volume Importer in the U.S.", having offices in India, Hong Kong, Taiwan, and Shanghai.  Exhibit H.  LG Sourcing is believed to be the buyer and importer of the Accused Products. See Lowe's Exhibit R at Column C (under seal per Doc. Nos. 76 and 80).  This makes sense because LG Sourcing is listed in Zhejiang Yankon's 2021 semi-annual report, along with Yankon Lighting, Inc. (another former defendant).  See Exhibit D.  Therefore, Plaintiff had reason to believe that LG Sourcing was involved in infringing import activities in this Case, and that activity is ongoing.

### D. LF LLC of North Carolina

LF LLC is expressly identified on the packaging or the Accused Products.  Exhibit J (annotated).  Cummins Decl. at ¶ 6.  Parties stipulated to a voluntary dismissal of LF LLC, with each party bearing their own fees.  Doc. No. 5.  It's been over a year since that stipulation and Lowe's has never taken issue with it until now.  *Id*.  Moreover, Lowe's Counsel does not explain whether they represent LF LLC, or how LF LLC obtained any actual relief on the merits.  See *Where Do We Go Berkeley v. Cal. Dep't of Transp. (Caltrans)*, No. 21-CV-04435-EMC, 9 (N.D. Cal. Jun. 23, 2023) citing *Makekau v. Hawaii*, 943 F.3d 1200, 1203 (9th Cir. 2019) ("To qualify as a 'prevailing party' under a fee-shifting statute, a plaintiff must obtain 'actual relief on the merits' that 'materially alters the legal relationship between the parties *by modifying the defendant's behavior in a way that directly benefits the plaintiff*.'").  Lowe's assertion that Plaintiff "should have known"

---

[8] *DS Advanced Enterprises v. LEDVANCE LLC et al*, 5:23-cv-02058-MCS-PD, 41 (C.D. Cal. April 29, 2024) (terminating case)

that a Delaware corporation, LF LLC, had nothing to do with the Accused Products (but whose name is printed on the Accused Products) is simply unsupported. See § VII at ¶¶ 1-2, *supra*. Moreover, there would certainly be an unjust result if a plaintiff was punished for naming, in a complaint, the wrong subsidiary of a multi-national corporation, and then stipulating to a voluntary dismissal of that same subsidiary. See § V, ¶¶ 1-2, *supra*.

### V.  The Protective Order Violation <u>Is</u> Disputed and Cannot Support Double Recovery of Attorney's Fees

Defendant provides a false assertion that it is "undisputed" that Plaintiff's Counsel disclosed AEO materials to Plaintiff's President, Mr. Sherman. Doc. No. 77 at pg. 6, lines 17-19. Plaintiff's Opposition to Lowe's Rule 37 motion outlines this dispute in detail. Defendant is referring to a docusign process initiated by Plaintiff's Counsel in which an unredacted interrogatory response was sent to Mr. Sherman for signing. It is disputed whether the contents should be considered confidential (*e.g.*, some of the content Lowe's alleged is confidential includes images of Plaintiff's *own* Covered Products). It is misleading to refer to this as AEO "material*s*" being disclosed since this can be interpreted as multiple of Lowe's AEO documents being disclosed in violation of the protective order. That did not happen. Defendant admitted that the protective order issue was resolved, weeks before filing their motion for sanctions. Lowe's Motion for Sanctions per Rule 37 is still pending and awaiting decision from Honorable Judge Burkhardt. Now, Defendant is requesting this Court consider even more cases outside their sanctions motion, after Plaintiff rebutted the cases Lowe's cited in their Rule 37 sanctions motion. It would have been prudent for Lowe's to address Plaintiff's rebuttals with substance, instead of handwaving and falsely declaring Plaintiff did not rebut Lowe's contentions. Doc. No. 75 at pg. 6, lines 26-27, *compare with*, Doc. No. 71 at §V (addressing cases and arguments cited by Lowe's). Defendant still has not found any cases that support ordering sanctions under the circumstances of this Case. *Bruno Independent Living Aids v. Acorn Mobility Services*, 02-C-0391-C, 15 (W.D. Wis. 2003) ("Other than referring to § 1927 in the

caption and in the final paragraph of its brief in support of this motion and in opposition to plaintiff's motion for attorney fees, plaintiff fails to make any arguments in support of its § 1927 claim. As stated earlier, arguments not made are waived.").

### VI. Lowe's Discussion of Their Self-Serving Emails Reveals Lowe's Ongoing Strategy of Avoiding Discussing the Merits of this Case

Lowe's provides quotes from their *own* emails to evidence why this Case is purportedly exceptional. Exhibit L shows Plaintiff's response to Lowe's "December 11, 2023" letter. Lowe's December 11, 2023 letter was sent during the pendency of Lowe's motion that *only attempted to dismiss willful infringement claims—not* the patent infringement claims. The irony of Lowe's letter in view of their limited motion to dismiss is uncanny. Whether Lowe's desired their outside counsel to limit their motion in this way or not, Lowe's Counsel nonetheless filed a motion to dismiss directed *only* to dismissing the willful infringement claims and *not* the patent infringement claims. Lowe's other counsel (not the undersigned attorney on Lowe's fees motion) in the other C.D. Cal. case *did* actually try to dismiss the patent infringement claims against Lowe's other Halo products, but their motion was denied.[9]

Plaintiff' Counsel actually responded to Lowe's letter, but per usual, Lowe's did not respond back. See Exhibit L, and Cummins Decl. at ¶ 7. This debunks Lowe's false assertion that Plaintiff exhibited any "refusal to see reason". Doc. No. 77 at pg. 18, line 1. In other words, Plaintiff provided a substantive response to Lowe's letter in the hopes of reasoning with Lowe's, but Lowe's refused to acknowledge this fact. Plaintiff pointed out that Lowe's letter neglected to address any points Plaintiff made in Plaintiff's Opposition to Lowe's Motion to Dismiss, which Lowe's had possession of before sending their letter. Exhibit L. Lowe's allegation that their letter "fell on deaf ears" is just false. Doc. No. 77 at pg. 5, lines 10-11.

---

[9] *DS Advanced Enterprises v. Cooper Lighting LLC et al.*, 5:23-cv-02603-JAK-SHK, 41 (C.D. Cal. July 8, 2024) (denying defendants' motion to dismiss)

It is now very clear that Lowe's Counsel's *Memento* style of defense was in anticipation of making their motion for attorney's fees, rather than sincerely attempting to address the merits of this Case.  Lowe's Counsel cites *QC Mfg.* to allege Plaintiff also received a "*letter* requesting plaintiff acknowledge the weakness of its case, and refusals to dismiss", and Lowe's Counsel also cites *CliniComp* to allege Plaintiff has had "*ever-changing* theories of infringement".  *Id*. at pg. 18, lines 3-6, and pg. 8, lines 20-22 (emphasis added).  It now makes sense why Lowe's was repeatedly emailing those lines *ad nauseum*, and without responding to any substantive arguments from Plaintiff's Counsel.  Plaintiff rebutted Lowe's "letter" and the allegation of there being "ever-changing" infringement theories in this Case, but Defendant simply did not respond with any substance.  See Exhibits L and O (Plaintiff attempting to have Lowe's address their allegations that Plaintiff's infringement theories were "constantly changing", and Lowe's counsel making their rebuttal: "I disagree with your assessment below."), and Cummins Decl. at ¶¶ 7-8.  This trend continued into Lowe's summary judgment motion, where Defendant neglected to address Plaintiff's Patent L.R. 3.1 Infringement Contentions.

As discussed herein, Defendant *lost both* of their motions to dismiss.  Plaintiff did not have "ever-changing" theories of infringement.  Doc. No. 17 at pg. 8, lines 27-28, and pg. 18 at lines 3-6.  See also § IV, *supra*, showing that Plaintiff pointed to the same accused metal housing in their Original Complaint and their Infringement Contentions per Patent L.R. 3.1.  Lowe's emails do not prove anything except that they wanted to repeatedly cite to them in subsequent motions, and not actually engage with Plaintiff regarding the merits of this Case.  Lowe's emails, much less their circular reasoning, should not make this Case exceptional.

In summary, none of Lowe's purported evidence or arguments warrant granting recovery of their attorney's fees under any statute or precedent, much less making this Case exceptional.

### VII. Defendant Waived their Right to Attorney's Fees by Untimely Filing Lowe's Motion

At least with respect to patent infringement, this Court announced their decision at the hearing on Lowe's Summary Judgment Motion and then issued a separate document, Doc. No. 67, that materialized that decision. As set forth in this Court's Order, Doc. No. 74, the Defendant was required to file their motion for an exceptional case determination no later than 14 days after entry of final judgment. This aligns with the Federal Rules, which require that a motion for attorney's fees "must: (i) be filed no later than 14 days after the entry of judgment". Fed. R. Civ. P. 54(d)(2)(B).

Defendant had asked Plaintiff to agree to an extension of time to file Lowe's Motion for Attorney's Fees, but Plaintiff declined since Defendant was already past the time to file their fees motion. Exhibit N shows an email from Lowe's Counsel requesting an extension per Fed. R. Civ. P. 58(e) on October 23, 2024. Rule 58(e) cites to Fed. R. Civ. P. 54(d)(2), which requires that Lowe's fees motion be filed "no later than 14 days after entry of judgment". Regardless, Defendant never filed a request for an extension of time to file their fees motion with respect to this Court's final judgment of non-infringement, Doc. No. 67.

As shown in Exhibit N, Defendant emailed Plaintiff's Counsel once before ultimately filing their Rule 58(e) motion on a Saturday. If Defendant truly believed that final judgment had not been entered, the urgency of their Rule 58(e) would likely not be apparent. Lowe's Rule 58(e) motion simply muddies the waters and fails to acknowledge the plain text of Rule 58(e). Rule 58(e) allows a court to act on a fees motion per Rule 54(d)(2) "before a notice of appeal has been filed". If a court extends the time to file the appeal under Rule 58(e), then Fed. R. App. P. 4(a)(4) effectively extends the time to appeal. But Plaintiff had already filed their notice of appeal well before the Defendant filed their Rule 54 motion and their Rule 58(e) motion, thereby rendering the circumstances of Rule 58(e) in applicable. There was never any need for time to appeal to be extended because a

notice of appeal was already filed.  For all intents and purposes, Lowe's Rule 54 motion is treated as recovering fees for any orders entered after this Court's Order, Doc. No. 67 (*e.g.*, potentially the order regarding Lowe's Rule 37 motion).  One does not have to be a mind-reader to figure out what Lowe's position would have been regarding the finality of the judgement in Doc. No. 67 had Plaintiff filed their notice of appeal more than 30 days after entry of Doc. No. 67.

## VIII.  Conclusion

As set forth above, Lowe's Motion for attorney's fees relies on falsehoods, as well as their own denied motions and self-serving letters, to assert that this Case is somehow exceptional per 35 U.S.C. § 285 or warrants attorney's fees per 35 U.S.C. § 1927.  Lowe's even reneges on a prior stipulation regarding a voluntary dismissal in an attempt to collect attorney's fees.  Much of Lowe's Motion includes text that is just copy and pasted from their prior motions and letters, and does not represent any sincere effort to seek any justifiable relief.  Because Lowe's Motion for attorney's fees is set forth in bad faith and not supported by any facts or precedent, their motion should be denied.


Dated: November 13, 2024

*/s/ Patrick D. Cummins*,

Patrick D. Cummins

Cummins IP Law PLLC

3426 Pepperhill Rd.

Lexington, KY 40502

Telephone: (502) 445-9800

Patrick@CumminsIP.com

*Attorney for Plaintiff,*

   *DS Advanced Enterprises, Ltd.*