Patrick Cummins (SBN: 294400)
Patrick@CumminsIP.com
Cummins IP PLLC
3426 Pepperhill Rd.
Lexington, KY 40502
Telephone: 502.445.9880
*Counsel for Plaintiff,*
  *DS Advanced Enterprises, Ltd.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>*Plaintiff*,<br>v.<br>LOWE'S HOME CENTERS, LLC, a corporation,<br><br>*Defendant*. | Case No.: 3:23-cv-01335-CAB-JLB<br><br>**Plaintiff's Memorandum of Points and Authorities in Response to Defendant's Motion for an Order per Fed. R. Civ. P. 58(e)**<br><br>Date:   November 29, 2024<br>Judge:  Hon. Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

### *I. Preliminary Statement Regarding Defendant's Motion*

Defendant's ("Lowe's") Motion, Doc. No. 78, essentially asks this Court to modify their Judgment, Doc. No. 67, to indicate that this Court was not ending this patent infringement case on the merits. This would not make sense outside of the context of Lowe's motion for attorney's fees being untimely.

If this Court does indicate their Judgment was not a final judgment on the merits, many procedural issues will be created and cause prejudice to the Plaintiff. Lowe's should have just been forthright and motioned for an extension of time to file their motion for attorney's fees instead of unnecessarily duplicating procedures for this Court and for the Federal Circuit. Doc. No. 78 at pg. 3, lines 25-28 ("LHC filed a motion to dismiss Plaintiff's appeal (Federal Circuit Case No. 2025-1072)")[1]. See docket page excerpted below. While Plaintiff did oppose Lowe's motion to dismiss at the Federal Circuit and Lowe's letter to the Clerk requesting deactivation, Plaintiff never indicated they would oppose a motion for a final judgment prior to this memorandum, despite Lowe's asserting otherwise. *Id*. On October 23, 2024, Lowe's Counsel indicated they would be moving for extension of time to file an appeal, which Plaintiff did not consent to since Plaintiff had already filed their Notice of Appeal on October 10, 2024. See Doc. No. 81-1 at pg. 26 (Lowe's Counsel stating on October 23, 2024, "This is a simple procedural motion that extends the time for filing a notice of appeal").

### *I. Introduction to Plaintiff's Response Memorandum*

Lowe's Motion for an Order per Fed. R. Civ. P. 58(e) hinges on whether Plaintiff's Notice of Appeal is "effective". Doc. No. 78, n. 1. For the Notice of Appeal to not be effective, Lowe's must show that this Court's Order, Doc. No. 67 ("the Judgment") was not a final judgment on the merits.

---

[1] Lowe's also submitted a letter to the Clerk at the Federal Circuit requesting deactivation of the Appeal. Plaintiff moved to strike that letter in response.

*Declaration of Patrick Cummins in Support of Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*  
— *1* —   Honorable Judge Burkhardt
Case No.: 3:23-cv-01335-CAB-JLB

It should have been abundantly clear since the September 23, 2024 Hearing that this Court intended to make a final decision of non-infringement in favor of Lowe's. See Doc. No. 69 at pg. 14, lines 8-9 and 25 ("So judgment will be entered for the defendants. The Case will be dismissed. And that's all…I will enter the judgment here."). Lowe's Motion is moot, at least to the extent it requests to modify this Court's Order, Doc. No. 67, and restart the clock on the time to file the Appeal. But to the extent Lowe's Motion seeks a final judgment order regarding the pending motion for sanctions, Lowe's Motion is moot as being duplicative of this Court's express intention to issue such a judgment. Doc. No. 67 at pg. 8, lines 18-21 ("Final judgment will be entered upon determination of [Defendant's Motion for Sanctions [ECF No. 59]"). Nonetheless, Lowe's actions of duplicating procedures at this Court and the Federal Circuit risk creating prejudice against Plaintiff.

## II. Legal Standard

A judgment deciding a motion for summary judgment must be set out in a separate document. Fed. R. Civ. P. 58(a). "The separate-document requirement was [] intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385 (1978) (modified). "A 'judgment' for purposes of the Federal Rules of Civil Procedure would appear to be equivalent to a 'final decision' as that term is used in 28 U.S.C. § 1291." *Bankers Trust Co.*, 435 U.S. 384 n.4 (1978). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).

"[W]hen the court's decision, whether written or oral, is a simple grant…that all relief be denied, the clerk is to prepare forthwith and sign a judgment which must be set forth on a separate document. Thereafter, the clerk is immediately to enter the judgment

in the civil docket." *United States v. Indrelunas*, 411 U.S. 216, 221 (1973) citing 6A J. Moore, Federal Practice ¶ 58.04 [4.-2], at 58-180 (1972) (modified). See also, *Bankers Trust Co.*, 435 U.S. 381, 387-388 (1978) (Holding that "the Court of Appeals properly assumed appellate jurisdiction under § 1291" where "the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case. A judgment of dismissal was recorded in the clerk's docket.").

Rule 58 "is not designed as a trap for the inexperienced…The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss". *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) citing 9 J. Moore, Federal Practice ¶ 110.08 [2], p. 120 n. 7 (1970). "The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *United States v. Robinson*, 361 U.S. 220, 229 (1960). However, "*before*" a notice of appeal is filed, a party may file a motion for attorney's fees under Rule 54(d)(2), and that motion may be treated as a timely motion under Rule 59, thereby eliminating the separate document requirement. Fed. R. Civ. P. 58(e) and (a)(4) (emphasis added).

### III. This Court's Judgment Ended this Litigation on the Merits

Defendant ("Lowe's") Motion for an Order per Fed. R. Civ. P. 58(e) hinges upon whether Plaintiff's Notice of Appeal is "effective". Doc. No. 78, n. 1. Lowe's cites to the *Catlin* case to allege that the Judgment from this Court, Doc. No. 67, is not a final judgment. However, Lowe's provides nothing to support interpreting this Court's decision as *not* ending this litigation on the merits.

The merits of this Case were entirely based on patent infringement of Plaintiff's Patent. Doc. No. 17, generally. Lowe's acknowledges that their motion for sanctions (Doc. No. 59) is still pending, but Lowe's does not explain why the motion for sanctions should be considered a decision on the merits. *Cooter Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (Confirming "the imposition of costs, attorney's fees, and contempt sanctions" are not judgments "on the merits of an action"). The claims of patent infringement from the

operative complaint were dismissed before any decision on Lowe's motion for sanctions. *In re the Exxon Valdez*, 102 F.3d 429, 431 (9th Cir. 1996) ("The sanctions imposed here under Rule 37 were collateral to the merits of the actions…they did not signify a district court's assessment of the legal merits of the complaint.") (modified).  Lowe's lack of evidence to support their motion, Doc. No. 78, is significantly outweighed by the evidence showing the Judgment, Doc. No. 67, was a final decision on the merits of this Case.

On September 26, 2024, the District Court held a Hearing on Lowe's Motion for Summary Judgement.  At the Hearing, the Honorable Judge Cathy Ann Bencivengo expressly concluded the hearing by stating: "The Court is granting the motion for summary judgment….The case will be dismissed…I will enter the judgement here." Doc. No. 69 at pg. 2, lines 2, 8-9, and 24-25 (excerpted with ellipses).  The District Court then provided a separate document, the Judgement, on September 30, 2024. Doc. No. 67 at pg. 8, lines 18-23 (excerpted with ellipses) ("Defendant's motion for summary judgment of noninfringement…is GRANTED…It is SO ORDERED. Dated: September 30, 2024"). The "separate document" requirement of Fed. R. Civ. P. 58(a) was satisfied when the Clerk for the District Court entered the Order, signed by Hon. Judge Bencivengo, on September 30, 2024.  This Court did not indicate that they would be holding off deciding Lowe's Summary Judgment Motion of Non-Infringement until the motion for sanctions was decided.  See Doc. Nos. 67 and 69, generally.  The Court provided no indication that the Judgement, Doc. No. 67, as entered by the Clerk, was not supposed to be a final judgment on the merits of this Case.

### IV. *The Notice of Appeal is Effective and Was Filed before Lowe's Motion for Fees*

The Notice of Appeal *is effective*, and Lowe's Motion for Attorney's Fees should *not* be given "the same effect under F.R.A.P. 4(a)(4) as a motion pursuant to Fed. R. Civ. P. 59" because the Notice of Appeal was filed *before* their fees motion. Doc. No. 78 at pg. 2, lines 14-16. Plaintiff filed their Notice of Appeal within 30 days of a final judgment on the merits per Fed. R. Civ. P. 4(a)(1)(A).  There was nothing left for the Court to do

regarding the merits of this patent litigation. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Plaintiff's operative Complaint included a single "Count 1" accusing Lowe's of patent infringement. Doc. No. 17 at pg. 41, line 23 to pg. 44, line 13. This Court expressly indicated at the Hearing and in their Judgment that the claim of patent infringement is dismissed. Doc. No. 69 at pg. 2, lines 2, 8-9, and 24-25 (Honorable Judge Bencivengo stating: "The case will be dismissed…I will enter the judgment here"). Lowe's does not explain what remains for this Court to do with respect to the claim of patent infringement. Lowe's has not attempted to address this, except to acknowledge their sanctions motion remains pending. Any arguments addressing this issue should now be considered waived.

Plaintiff filed their Notice of Appeal, Doc. No. 72, on October 10, 2024. Well after this, and more than 14 days after the Judgment was entered, Lowe's filed their fees motion, Doc. No. 77, on October 23, 2024. Fed. R. Civ. P. 54(d)(2)(B)(i) ("Attorney's Fees…motion must: (i) be filed no later than 14 days after the entry of judgment"). This timeline is completely contrary to Lowe's Motion, Doc. No. 78, in which Lowe's pursues relief per Fed. R. Civ. P. 58(e). Rule 58(e) expressly requires (i) a "timely" filed motion for attorney's fees per Rule 54(d)(2) (within 14 days of judgment), and (ii) that this Court act to extend the time to appeal before the Notice of Appeal has been filed and becomes effective. Fed. R. Civ. P. 58(e). As discussed herein, Plaintiff's Notice of Appeal is effective, and Lowe's motion for attorney's fees was not timely. Therefore, Lowe's Motion, Doc. No. 78, should be considered moot.

### *IV. A Modification to this Court's Decision on the Merits to Exclusively Benefit Lowe's Would Severely Prejudice Plaintiff*

Lowe's should have been forthright and expressly motioned for an extension of time to file their motion for attorney's fees, instead of creating more procedural issues in this District and at the Federal Circuit. Lowe's acknowledges that this Court expressly indicated their intent to issue another order based on a decision regarding their motion for sanctions. Doc. No. 78 at pg. 2, lines 7-9 ("the Court delayed entering final judgment

pending the determination of Defendant's Motion for Sanctions"). Considering Lowe's expressly acknowledges this, it does not make much sense why Lowe's would then motion for a final judgement.

Lowe's Motion is simply a procedural tactic that duplicates procedures in the hopes of having their motion for attorney's fees considered timely. Plaintiff would be prejudiced by this Court indicating they would grant Lowe's Motion. Despite Plaintiff's diligence to file a timely Notice of Appeal, along with the necessary documents at the Federal Circuit, Lowe's would be granted their wish of having this Court express their willingness to consider this Court's Judgment as not final. Plaintiff would then be required to notify the Federal Circuit of this modification to the judgment per Fed. R. Civ. P. 62.1, which may then cause limited jurisdiction to return to this Court. The Notice of Appeal would become "ineffective" and Plaintiff's briefings with the Federal Circuit opposing Lowe's Motion to Dismiss the Appeal and Lowe's Letter to the Clerk would be mooted (docket entries excerpted below). All this to obfuscate Lowe's attorney's fees motion being untimely.

| Date | Doc | Description |
|---|---|---|
| 10/24/2024 | 9 (27 pg, 1.08 MB) | MOTION of Appellee Lowe's Home Centers, LLC To Dismiss For Lack of Jurisdiction. Service: 10/24/2024 by email. [1042509] [25-1072] [Scott Stimpson] [Entered: 10/24/2024 08:02 PM] |
| 10/29/2024 | 10 (1 pg, 332.42 KB) | Letter from Appellee Lowe's Home Centers, LLC to Clerk regarding deactivation of appeal. Service: 10/29/2024 by email. [1043481] [25-1072] [Scott Stimpson] [Entered: 10/29/2024 05:51 PM] |
| 10/30/2024 | 11 (2 pg, 362.6 KB) | Amended Docketing Statement for the Appellee Lowe's Home Centers, LLC. Service: 10/30/2024 by email. [1043764] [25-1072] [Scott Stimpson] [Entered: 10/30/2024 03:50 PM] |
| 10/30/2024 | 12 (2 pg, 279.7 KB) | Notice of Related Case Information for Appellee Lowe's Home Centers, LLC. Service: 10/30/2024 by email. [1043768] [25-1072] [Scott Stimpson] [Entered: 10/30/2024 03:54 PM] |
| 11/01/2024 | 13 (18 pg, 282.84 KB) | RESPONSE of Appellant DS Advanced Enterprises, Ltd. to the motion for other relief [9] filed by Appellee Lowe's Home Centers, LLC with MOTION to to strike party letter [10]. Service: 11/01/2024 by email [1044249] [25-1072] [Patrick Cummins] [Entered: 11/01/2024 02:07 PM] |
| 11/08/2024 | 14 (13 pg, 474.57 KB) | REPLY of Appellee Lowe's Home Centers, LLC to response [13]. Service: 11/08/2024 by email. [1045920] [25-1072] [Scott Stimpson] [Entered: 11/08/2024 04:06 PM] |

This is all under the assumption that the Federal Circuit does not decide Lowe's motion to dismiss the Appeal between now and this Court deciding Lowe's Motion, Doc. No. 78. If the Federal Circuit denies Lowe's motion to dismiss the Appeal, then Lowe's Motion, Doc. No. 78, would certainly be moot. At which point, Plaintiff's resources spent responding to Lowe's Motion, Doc. No. 78, would have been wasted, and perhaps better spent addressing their Appeal brief or other matters.

Whether this Court grants Lowe's attorney's fees motion or not, nothing changes with the Appeal at the Federal Circuit. However, if the Judgment is modified exclusively to indicate that Judgment was not final, Plaintiff would surely be prejudiced, especially considering all of these duplicative procedural hoops Lowe's has already created and Plaintiff has already addressed (*e.g.*, opposing Lowe's motion to dismiss the appeal and striking Lowe's letter to the Clerk at the Federal Circuit, as shown in the excerpted docket entry above). Furthermore, Plaintiff would be prejudiced considering much of the record clearly evidences the finality of this Court's Judgment per *Catlin v. United States*, 324 U.S. 229, 233 (1945), and Plaintiff was addressing the record as such.

### *VIII. Conclusion*

As set forth above, Plaintiff's Notice of Appeal is effective and transferred jurisdiction to the Federal Circuit to review the Final Judgment of this Court, which was set out in Doc. No. 67. Lowe's Motion (Doc. No. 78) is moot because the Notice of Appeal (Doc. No. 72) was filed before Lowe's Motion for Attorney's Fees (Doc. No. 77). Lowe's Motion is duplicative and unnecessary.

Dated: November 14, 2024

*/s/ Patrick D. Cummins*,

Patrick D. Cummins

Cummins IP Law PLLC

3426 Pepperhill Rd.

Lexington, KY 40502

Telephone: (502) 445-9800

Patrick@CumminsIP.com

*Attorney for Plaintiff,*

  *DS Advanced Enterprises, Ltd.*

*Declaration of Patrick Cummins in Support of Plaintiff's Opposition to Defendant's Motion for Attorney's Fees*
— 7 —
*Honorable Judge Burkhardt*
*Case No.: 3:23-cv-01335-CAB-JLB*