# EXHIBIT K

1  Patrick Cummins
2  CA Bar No.: 294400
3  Patrick@CumminsIP.com
   Cummins IP PLLC
4  3426 PEPPERHILL RD
5  LEXINGTON, KY 40502
   TEL: 502.445.9880
6  *Counsel for Plaintiff,*
7  *DS Advanced Enterprises, Ltd.*
8
9
10                **UNITED STATES DISTRICT COURT**
11               **SOUTHERN DISTRICT OF CALIFORNIA**
12
13 | DS ADVANCED ENTERPRISES, LTD., | Case No.: 3:23-cv-01335-CAB-JLB |
14 | A CORPORATION, | |
15 | *Plaintiff*, | **PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PER PATENT L.R. 3.1 AND 3.2** |
16 | v. | |
17 | LOWE'S HOME CENTERS, LLC, | |
18 | A CORPORATION, | |
19 | *Defendants*. | |
20
21
22
23
24
25
26
27
28

PLAINTIFF'S DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS PER PATENT L.R. 3.1 AND 3.2

*(Claim 1 continued)*

a metal housing (108)

to embody a complete fixture (112);







These images and mappings are provided to evidence the portions of the accused product that infringe these elements of Claim 1.  For at least these reasons, the accused products infringe these elements of Claim 1, literally and by equivalents. Should further explanation be warranted, Plaintiff provides the following support.  Claim 1 utilizes terms such as "LED light *fixture*", "recessed light *fixture* housing", and "complete *fixture*", which Defendant's may allege invokes ambiguity with respect to the meaning of "complete fixture". Regardless, Claim 4 further defines the "complete fixture"[1], as does the

---

[1] "Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) citing *Rexnord Corp. v. Laitram Corp.,* 274 F.3d 1336, 1342 (Fed. Cir. 2001) and citing *CVI/Beta Ventures, Inc. v. Tura LP,* 112 F.3d 1146, 1159 (Fed. Cir. 1997).

Specification of Plaintiff's Patent[2], which expressly define the "complete fixture" by stating that "the complete fixture (112) comprises a plurality of electrical systems, clips, and accessories." The Specification goes on to define these sub-elements by stating that "[e]xamples of the electrical systems include but not limited to the LED driver, an LED PCB assembly, and an LED strips. Further examples of the accessories include but not limited to wire connectors, and ground wires." Plaintiff's Patent claims priority to a Provisional Application that was filed with the provisional drawing to the right of this text. The provisional drawing to the right is labeled "— Housing—" to refer to the entire content of the drawing, further reinforcing the  infringement of these elements of Claim 1. The element "4" in the Provisional Application, and in the provisional drawing above, is referred to as a "metal body" and the element "3" is referred to as a "connecting post". Claim 1 includes a "body" element at the following passage: "a plurality of retrofit clips (102) adaptable to attach with a *body* of the LED light fixture", but a "*metal* body" is not expressly recited in Claim 1. The Provisional

---

[2] "[T]he specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) citing *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576 (Fed. Cir. 1996) (quotations removed).

9

Application also includes the additional provisional drawing shown to the right of this text. The element "6" in the Provisional Application is referred to as "complete fixture". The "housing" and the "complete fixture" therefore overlap  in scope. This is reinforced by the Specification of the non-provisional application at [0014], which states that "[i]n some examples, one element may be designed as multiple elements, or multiple elements may be designed as one element." While Defendant may argue that a "housing" is necessarily something entirely external and enveloping, this would be contrary to Plaintiff's Patent, which has no external housing that completely envelopes the "clips" and that is separate from the "clips". Rather, the "metal housing" of Claim 1 embodies the complete fixture by including the complete fixture as a constituent part, thereby even conforming to the definition of "embody". See attached Exhibit 3[3]. For at least these reasons, the accused products infringe on these elements of Claim 1, literally and by equivalents. Additionally, and though likely not necessary to prove infringement, Plaintiff alleges that the white portions of the accused products also infringe these elements of Claim 1 because the produced PIXIE test results, and supporting documents, evidence the white portions being made of metal. Additionally, a

---

[3] "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words. *See Brown v. 3M,* 265 F.3d 1349, 1352 (Fed. Cir. 2001) (holding that the claims did not require elaborate interpretation). In such circumstances, general purpose dictionaries may be helpful." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (quotations removed).