PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
LINXUAN YAN (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, A CORPORATION,<br><br>    Defendant. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR AN ORDER PURSUANT TO FED. R. CIV. P. 58(e)**<br><br>Date:    November 29, 2024<br>Judge;  The Honorable Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

/ / /

/ / /

/ / /

/ / /

/ / /

Pursuant to Fed. R. Civ. P. 58(e) and Civ. LR 7.2, LHC hereby submits its reply in further support of its motion for an Order that its pending Fees Motion have the same effect under Fed. R. App. R. 4(a)(4) as a motion pursuant to Fed. R. Civ. P. 59.[1]

## I. LHC's Present Application is Timely

LHC's present application is timely for two reasons. First, as previously demonstrated in LHC's moving brief, Plaintiff's notice of appeal is not effective because no final judgment has been entered in this case. In its order on summary judgment, this Court intentionally delayed entry of final judgment pending the determination of its sanctions motion, stating: "All pending motions and deadlines are vacated, except for Defendant's Motion for Sanctions [ECF No. 59] pending before the magistrate judge for determination. Final judgment will be entered upon determination of that motion." (ECF No. 67.) In a subsequent procedural order entered on October 15, 2024, this Court again acknowledged that Final Judgment had not been entered yet. (ECF No. 74.)

Second, even if Plaintiff's notice of appeal was not premature, Plaintiff's notice of appeal is presently ineffective pending the Court's ruling on Plaintiff's post-judgment motion. On October 28, 2024 (subsequent to the filing of LHC's moving papers to this motion), Plaintiff filed a Motion Pursuant to Fed. R. Civ. P. 59(e) and 52(b) (the "Post-Judgment Motion"). The Post-Judgment Motion falls within the post-judgment motions identified in Fed. R. App. P. 4(a)(4)(A). *See* Fed. R. App. P. 4(a)(4)(A) (identifying six types of post-judgment motions, including those made pursuant Rules 52(b) and 59)). Pursuant to Fed. R. App. P. 4(a)(4)(B)(i), Plaintiff's notice of appeal is presently ineffective pending the determination of the Post-Judgment Motion. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment

---

[1] LHC will utilize the same defined terms as set forth in its moving papers.

or order, in whole or in part, when the order disposing of the last such remaining motion is entered."). Accordingly, because the notice of appeal is currently not effective, the present application is timely.

## II. Plaintiff Will Not Be Prejudiced by This Request

It is not clear if Plaintiff comprehends the purpose of LHC's present motion. Indeed, Plaintiff characterizes the instant motion as (i) a request "to modify their Judgment," (Opp. at 1), (ii) a request for a "final judgment order regarding the pending motion for sanctions," (Opp. at 2), (iii) a request to "restart the clock on the time to file the Appeal," (Opp. at 2), and (iv) a request "for an extension of time to file their motion for attorneys' fees" (Opp. at 5).

To be clear, the present motion seeks to have this Court order that LHC's pending Motion for Attorneys' Fees and Related Expenses have the same effect under Fed. R. App. P. 4(a)(4) as a motion pursuant to Fed. R. Civ. P. 59. If the Court grants this motion, the window of time for LHC to file a notice of appeal or for Plaintiff to amend its notice of appeal will be extended until after this Court rules on the Fees Motion. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.") LHC's requested relief benefits both parties because any appeal on the Fees Motion can proceed at the same time as Plaintiff's appeal on the merits, thereby avoiding the need for piecemeal appeals.

Moreover, Plaintiff's Post-Judgment Motion already has the effect of extending the window to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(4)(B)(i) (*see* Fed. R. App. P. 4(a)(4)(A) (identifying motions pursuant to Rules 52(b) and 59 that render a filed notice of appeal ineffective)). There is no need to resort to the indicative ruling procedure pursuant to Fed. R. Civ. P. 62.1. *See* Fed. R. Civ. P. 62.1 advisory committee's note to 2008 amendment ("Appellate Rule 4(a)(4) lists six motions that,

if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.").

For these reasons, and the reasons previously articulated in LHC's moving papers, LHC respectfully requests that this Court enter an order stating that LHC's Fees Motion have the same effect under Fed. R. App. P. 4(a)(4) as a motion pursuant to Fed. R. Civ. P. 59.

Dated: November 22, 2024
By:   /s/ Peter Doody
Scott D. Stimpson (Pro Hac Vice)
**SILLS CUMMIS & GROSS P.C.**
Katherine M. Lieb (Pro Hac Vice)
Linxuan Yan (Pro Hac Vice)

Peter Doody
Kathryn Callaghan
**HIGGS FLETCHER & MACK**

Counsel for Defendant LOWE'S HOME CENTERS, LLC

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on November 22, 2024, to all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

                                              */s/ Peter S. Doody*
                                              Peter S. Doody

HIGGS FLETCHER &
MACK LLP