PATRICK CUMMINS (SBN: 294400)
Patrick@CumminsIP.com
Cummins IP PLLC
3426 Pepperhill Rd.
Lexington, KY 40502
Telephone: 502.445.9880
*Counsel for Plaintiff,*
  *DS Advanced Enterprises, Ltd.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>*Plaintiff*,<br>v.<br>LOWE'S HOME CENTERS, LLC, a corporation,<br><br>*Defendant*. | Case No.: 3:23-cv-01335-CAB-JLB<br><br>**Plaintiff's Reply in Support of Plaintiff's Motion Pursuant to Fed. R. Civ. P. § 59(e) and §52(b) Regarding Judgement**<br><br>Date:   December 2, 2024<br>Judge:  Hon. Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

**A. Not Finding Infringement in View of the Accused Metal Housing is the Clear Error to be Corrected per Plaintiff's Motion**

As Lowe's agrees, motions made pursuant to Rule 52(b) are designed to correct findings of fact which are central to the ultimate decision. Doc. No. 83 at pg. 3, lines 1-4 (citations omitted). In this particular instance, the finding of fact to be corrected is whether the Accused Products include a "metal housing", as claimed in Claim 1 of Plaintiff's Patent.

Recently, in another Case involving Plaintiff's Patent and another accused product sold by LEDVANCE LLC ("Ledvance"), Ledvance referred to a portion of their own accused products as a "metal housing". As shown below, the portion Ledvance refers to is *nearly identical* to the accused metal housing of the Lowe's products—the same portion of Lowe's Accused Products Plaintiff has been pointing to since the original complaint. See Doc. No. 81 at § III(a). Below is an annotated excerpt from defendant Ledvance's reply brief in their motion to dismiss with an overlayed image of Lowe's accused metal housing for ease of comparison. See also, *DS Advanced Enterprises, Ltd. v. Ledvance LLC*, Case



*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
— 1 —   *Case No.: 3:23-cv-01335-CAB-JLB*

No. 1:23-cv-11155-JEK, Doc. No. 82 at pg. 12, lines 9-20 (D. Mass. September 3, 2024). For ease of reference, the entire page from Ledvance's reply brief is also attached as Exhibit A. Cummins Decl. at ¶ 3. The above image of Lowe's accused metal housing was excerpted from Doc. No. 79-1 at pg. 11, lines 1-18. Each metal housing above houses an LED strip for each respective fixture.

Ledvance's admission was not available until September 3, 2024. Plaintiff's Opposition to Lowe's summary judgment was filed on July 8, 2024, well before Ledvance's admission. See Cummins Decl. at ¶ 4-6. This admission by Ledvance should be compared to Plaintiff's infringement contentions, as reproduced below. Plaintiff's infringement contentions were attached to Plaintiff's opposition to Defendant's summary judgement motion but not addressed by Lowe's. Doc. No. 45-1 at pg. 70 (annotated below).

For purposes of finding clear error per Plaintiff's Rule 52/59 Motion, Ledvance's admission should illuminate the clear error of finding non-infringement, or at least the clear error of finding no genuine issue of material fact regarding the accused metal housing. Ledvance is one of the largest producers of lighting products in the world, and they own famous lighting brands such as Sylvania and Osram[1,2]. Ledvance has also partnered with



---

[1] https://en.wikipedia.org/wiki/Ledvance
[2] https://shop.ledvanceus.com/about-us/

*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
*— 2 —   Case No.: 3:23-cv-01335-CAB-JLB*

Lowe's[3]. Ledvance's products have *nearly the same* metal housing as Lowe's Accused Products, and Ledvance *expressly* refers to their nearly-identical metal housing as a "metal housing". See *supra* pg. 1, and see Exhibit A.

**B. Defendant Denies—but Does Not Substantively Address—Plaintiff's Brief Showing the Metal Housing Claim Element Mapped to Plaintiff's Covered Products**

Lowe's argues that a patentee's commercial embodiment should not be the focus of an infringement analysis, but that argument completely misses the point. Doc. No. 83 at pg. 5, lines 1-6. Of course the Claims of Plaintiff's Patent should be the primary focus. However, Patent L.R. 3.1(g) expressly states that: "If a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus….practices the claimed invention, the party must identify…each such apparatus….that incorporates or reflects that particular claim." Patent L.R. 3.1(g) (modified). This is why Plaintiff expressly referred to their covered products in their infringement contentions. See Doc. No. 45-1 at pg. 73, lines 4-23, which lists the same item number as the item number shown in Plaintiff's Motion's Opening Brief (Doc. No. 79-1 at pg. 12, lines 16-17) ("ZF-DL6-12W-DIM-5CC-*L#"). Lowe's did not address or rebut this in their summary judgement briefs.

Lowe's further alleges that "Plaintiff does nothing to show its own product is covered by the patent", which is yet another example of Lowe's asking this Court to deny reality. Doc. No. 83 at pg. 4, lines 27-28. Plaintiff's Motion expressly compared the accused metal housing to the metal housing of the Covered Products *and* to this Court's construction of "metal housing". See, at least, Doc. No. 79-1 at pg. 9, lines 10-28, and see also, pg. 11, lines 1-18. The allegation that Plaintiff did "nothing" to map Plaintiff's Covered Product merely adds to the list of knowingly false statements submitted by Lowe's and their counsel to this Court.

---

[3] https://corporate.lowes.com/newsroom/press-releases/osram-sylvania-and-lowes-introduce-brightest-led-light-bulb-11-18-10

*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
— 3 —   Case No.: 3:23-cv-01335-CAB-JLB

### C. Lowe's Metal Housing Arguments Finally Address the Accused Metal Housing but Their Assertions Further Stink of "Dead Fish"

Lowe's makes many of the same arguments that Plaintiff has already debunked, but Lowe's also *finally* makes some effort to address the accused metal housing by arguing it "is an internal structure – it is a part being housed. Contrary to Plaintiff's argument, it does nothing to encase the LEDs, but rather it is the structure on which they are secured". Doc. No. 83 at pg. 6, lines 22-26.  In response, this Court should consider Ledvance's admission that the portion Plaintiff is referring to *is* a metal housing.  See pg. 1, *supra*.  Additionally, the only reason the accused metal housing appears "internal" is because Lowe's or Lowe's manufacturer, Zhejiang Yankon, slapped an extraneous wafer piece on the Accused Products as their non-inventive design-around that leaves the metal housing intact.  Doc. No. 79-1 a pg. 9, lines 20-28.



Lowe's Accused Product

Lowe's also makes another Orwellian assertion that the accused metal housing does not encase or enclose the LED strip, which this Court can easily debunk with their own eyes.  Doc. No. 83 at pg. 7, lines 20-23.  Lowe's even concedes that "the Court's claim construction…says nothing about what must be enclosed" and yet—still, Lowe's will not concede that the accused metal housing is enclosing *something* (*e.g.*, the LED strip).  *Id*.



Lowe's bare assertion that the accused metal housing "does nothing to encase the LEDs" simply denies plain English.  The verbs "encase" and "house" are synonymous and mean to cover[4] or enclose[5] something.  The LED strip is not entirely visible in pictures like the ones to the right of this text because the LED strip is *being enclosed* by the accused metal housing.  Doc. No. 81 at pg.

---

[4] https://www.britannica.com/dictionary/encase
[5] https://www.britannica.com/dictionary/house

9, lines 14-28.  That is the purpose of the accused metal housing.  The surrounding lip of the accusing metal housing even extends down far enough for both the LED strip and diffuser lens to be enclosed by the accused metal housing. The accused metal housing also happens to house the diffuser lens and reflective paper that comes with the Accused Products, further evidencing that the accused metal housing houses multiple things, aside from part of the complete fixture (*e.g.*, the LED strip).  See image below include parts of one of the Accused Products.  See Cummins Decl. at ¶ 7.  The images below also show the diffuser lens and reflective paper being disposed within the accused metal housing, and being slightly displaced from the accused metal housing.  Although these images may not be necessary for this Court to grant Plaintiff's Motion, they are nonetheless provided to reinforce Lowe's recent assertion that the accused metal housing does not house anything.  See Doc. No. 83 at pg. 8, lines 20-23 (Lowe's indicating that this Court's construction of the "metal housing" "says nothing about what must be enclosed.").



*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
— 5 —   *Case No.: 3:23-cv-01335-CAB-JLB*

### C. Lowe's Knowingly Submits Falsehoods by Continuing to Allege this Case Involved a "Game of Ever-Changing" Infringement Analysis

Lowe's alleges Plaintiff has continually changed their infringement contentions throughout this Case, but this is another attempt to perpetuate a false narrative. Lowe's doubling down on this false narrative simply reveals their lack of counterarguments regarding the accused metal housing. Doc. No. 83 at pg. 5, lines 26-28. If Lowe's had any counterarguments regarding why the accused metal housing is not within the scope of this Court's construction of "metal housing", they hopefully would have made those arguments by now. Lowe' assertion is self-defeating considering Lowe's alleges that "Plaintiff argues…only a single internal part" is the accused metal housing, and then addresses Plaintiff's assertion that "the junction box should be considered part of the housing." *Id*. compared to Doc. No. 83 at pg. 8, lines 5-6.

Lowe's intentional misrepresentations continue as they assert "Plaintiff argued that any 'metal structure' in the LHC product be the housing." *Id*. at pg. 6, lines 3-4. The portion of Plaintiff's opposition that Defendant cites to is the Doc. No. 45 at pgs. 5 and 7. Oddly, those pages correspond to the table of authorities for Plaintiff's opposition to Defendant's summary judgment motion. Doc. No. 83 at pg. 6, lines 3-4 citing to Doc. No. 45 at pgs. 5 and 7. These false assertions are reckless and should not be tolerated. It is telling that Lowe's never puts the word "any" in quotes when making this assertion. *Id*.

Lowe's goes on to submit another blatant falsehood by asserting: "Nowhere in Plaintiff's opposition did it ever single out the internal part it does now, and nowhere did Plaintiff even mention the 'strip of LEDs' it now alleges to be 'housed' by this part." Doc. No. 83 at pg. 6, lines 7-8. Plaintiff's Infringement Contentions expressly discuss the strip of LEDs by pointing them out and mapping to the Claims. Doc. No. 45-1 at pgs. 84-85 ("LED strips"). For every instance of the term "metal housing", Plaintiff pointed to the accused metal housing. Plaintiff's counsel even asserted this at the hearing. Doc. No. 69 at pg. 8, line 18, to pg. 9, line 18. The images below provide more instances of the Plaintiff

singling out the accused metal housing and/or the LED strip. These images further reinforce Lowe's knowingly submitting false statements on the record. Doc. No. 83 at pg. 6, lines 7-11.

Lowe's also attempts to argue that some images in Plaintiff's Motion were "addressing a different claim element" than the metal housing claim element. Doc. No. 83 at pg. 6, lines 12-16.[6] The referenced page of Plaintiff's Motion expressly shows the term "the metal housing (108)" with an arrow from that term to the accused metal housing. Doc. No. 79-1 at pg. 15. An excerpt from that page is reproduced at the far upper-right of this page. Lowe's assertion is another false statement. The image does not show "a different claim element" being mapped to the accused metal housing. *Id*.

Lowe's arguments are a desperate attempt to convince this Court that Plaintiff is presenting a new infringement theory that Plaintiff could've asserted in their opposition to Defendant's summary judgment motion. But that is *not* the case. Plaintiff's Motion addresses clear error in the decision to grant summary judgment of non-infringement—not to set forth any new



---

[6] Lowe's cites to the brief's page number 11, not the ECF page number.

*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
— 7 —   *Case No.: 3:23-cv-01335-CAB-JLB*

theories of infringement. As Plaintiff repeats in Plaintiff's Motion, Defendant did not attach Plaintiff's infringement contentions to their summary judgment motion, much less address the infringement theories set forth in Plaintiff's infringement contentions. Doc. No. 79-1 at § IX. Lowe's has only themselves to blame for this. Lowe's had been served the infringement contentions according to the Patent Local Rules, but Lowe's opted to not address them in their summary judgment. *Id*. For a variety of reasons, this just makes no sense. Plaintiff did not have "ever-changing" infringement theories, nor did Plaintiff assert new infringement theories in Plaintiff's Motion.

### D.  Lowe's Limited Remaining Arguments Miss the Point and Intentionally Mischaracterize the Purpose of Plaintiff's Motion

Lowe's does not rebut Plaintiff's arguments regarding the junction box and original Claims as filed, except to attempt to summarize the argument, cite to this Court's Order, and then assert that the argument cannot be raised for the first time in Plaintiff's Motion. Doc. No. 83 at pg. 8, lines 13-26. Lowe's also cites to Plaintiff's Motion's discussion of the junction box being part of the metal housing per Claim 5, but Lowe's does not address the *Home Depot* case cited by Plaintiff's Motion and at the hearing. Doc. No. 83 at pg. 8, line 12-22. Lowe's simply re-quotes this Court's order, Doc. No. 67, which also does not address the *Home Depot* case. Doc. No. 79-1 at pg. 20, lines 12-22.

Lowe's provides a number of other arguments that do not have much merit. For example, regarding Dependent Claim 4, Lowe's wholly misses the point. Claim 4 *must* be prioritized over other intrinsic evidence during claim construction, at least according to binding precedents. Doc. No. 83 at pg. 8, lines 1-3 compared to Doc. No. 79-1 at pg. 16, line 28 to pg. 17, line 4 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005)). Plaintiff's discussion of Claim 4 was to further illuminate the alleged clear error. Doc. No. 79-1 at § VII.

Despite Lowe's opposition brief citing to the Order, Doc. No. 67 from Honorable Judge Bencivengo, and attempting to rebut any new facts being asserted, Lowe's provides

a contradictory footnote argument regarding a lack of certified statement per Civil L.R. 7.1(i)(1). Doc. No. 83 at pg. 3, lines 25-26. The local rules require that a motion for reconsideration include a statement indicating "(1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Civil L.R. 7.1(i)(1). Considering Lowe's own opposition brief indirectly admits those requirements are met, Lowe's footnote argument has no merit.

Lowe's goes on to perform some quote cropping in furtherance of alleging Plaintiff entirely disclaimed the doctrine of equivalents regarding the metal housing. Doc. No. 83 at pg. 5, lines 9-13. This is simply not true, but also not particularly relevant to Plaintiff's Motion. Also, regarding Lowe's rebuttal to arguments regarding copying, the facts *do* support Lowe's copied Plaintiff's design, as addressed in Plaintiff's Motion. See, at least, Doc. No. 79-1 at pg. 13, line 19 to pg. 14, line 15. Evidence of copying is also found in the image of the Ledvance product on pg. 1 from the Ledvance case (Lowe's attached the entire Ledvance complaint as Doc. No. 77-8).

Finally, Lowe's awkwardly attempts to re-frame the first few lines of Plaintiff's Motion (Doc. No.79-1) as patronizing of this Court. It is no secret that the Southern District of California is ranked[7] high relative to all other District Courts in filings per judgeship. Plaintiff's Counsel was simply alluding to this fact by referring to a "rocket docket". Lowe's clearly did not appreciate the blackhole analogy either. Doc. No. 79-1 at pgs. 5-6.

Furthermore, any mentioning of "impartiality" was *not* to explain why Plaintiff lost at summary judgement. Far from it. Plaintiff's Counsel simply incorporated that language into their introduction as a sincere request, and in reflection upon hearing the phrase "almost frivolous" at the hearing. Doc. No. 69 at pg. 6, lines 3. Lowe's, in another brief, points to Plaintiff seeking reassignment but Lowe's is seemingly unaware of why

---

[7] https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2024

*Plaintiff's Reply in Support of Motion Pursuant to Fed. R. Civ. P. § 52(b) and § 59(e)*
*Honorable Judge Burkhardt*
— 9 —   *Case No.: 3:23-cv-01335-CAB-JLB*

reassignment could be more efficient in view of the Central District case involving Plaintiff's Patent and Lowe's. Doc. No. 84 at pg. 7, lines 26-28. Lowe's attempts to mischaracterize Plaintiff's Motion are disingenuous, especially in view of the constant misleading and false statements Lowe's continue to submit on the record.

If Plaintiff's Motion was at all offensive to this Court (as Lowe's suggests), Plaintiff and Plaintiff's Counsel sincerely apologize to this Court. Portions of Plaintiff's Motion, such as the opening lines, were sincere attempts to distinguish Plaintiff's Motion from other motions for reconsideration, which Plaintiff's Counsel acknowledges may be a procedural tool that is overused. Though Plaintiff hopes this Court will agree that use of this tool was warranted under these circumstances.

### E.  Conclusion Regarding Plaintiff's Motion

As Plaintiff's Motion suggests, the Defendant invited clear error by not addressing Plaintiff's infringement contentions and directing this Court to something other than the accused metal housing that Plaintiff had been referring to since the beginning of this case. Doc. No. 79-1 at § IX. Although some newly discovered evidence is set forth in Plaintiff's Motion briefs, that evidence is not intended to be the exclusive basis for Plaintiff's Motion. See *Id.*, at least at §§ I and II. Plaintiff respectfully and primarily asserts that, in view of Plaintiff's Motion, there exists clear error in concluding that the accused metal housing is not within the scope of this Court's construction of the "metal housing" claim element. Doc. No. 79-1 at pg. 11, lines 1-28. Additionally, Plaintiff's respectfully asserts that this Court committed clear error by weighing facts at summary judgment and/or not finding a genuine dispute of material fact regarding the white wafer and the accused metal housing.

For at least these reasons, Plaintiff respectfully asks this Court to modify its judgment and/or modify its findings, per Fed. R. Civ. P. §§ 52(b) and/or 59(e), to resolve any manifest error in this Court's Order, Doc. No. 67.

Dated: November 25, 2024

*/s/ Patrick D. Cummins*,

Patrick D. Cummins

Cummins IP Law PLLC

3426 Pepperhill Rd.

Lexington, KY 40502

Telephone: (502) 445-9800

Patrick@CumminsIP.com

*Attorney for Plaintiff,*

   *DS Advanced Enterprises, Ltd.*