PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
LINXUAN YAN (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HOME CENTERS, LLC, a Corporation,<br><br>　　　　　Defendants. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: January 9, 2025<br>Judge: The Honorable Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

HIGGS FLETCHER &
MACK LLP

Defendant LOWE'S HOME CENTERS, LLC ("LHC") submits this Memorandum of Law in Support of its Motion to File Documents Under Seal, pursuant to the Protective Order entered at Dkt. #33, the Honorable Cathy Ann Bencivengo's Civil Case Procedures, Part V, and the Honorable Cathy Ann Bencivengo's Order from October 30, 2024.

## ARGUMENT

On October 30, 2024, the Court granted LHC's Motion to Seal and directed LHC to "specifically identify by motion any documents that should be sealed in Plaintiff's filed motion for reconsideration." Dkt. #80. Pursuant to this Order, LHC herein submits that the following exhibits referenced in the Declaration of Scott D. Stimpson (Dkt. # 76-2) should remain under seal, as each of these exhibits were referenced in either the brief for Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. § 59(e) and §52(b) ("Reconsideration Motion," Dkt. #79-1) or Plaintiff's Memorandum of Points and Authorities in Opposition to LHC's Motion for Attorneys' Fees ("Fees' Opposition," Dkt. #81)[1] as follows:

- Exhibit B referenced on page 10 of Plaintiff's Reconsideration Motion;
- Exhibit C referenced on page 10 of Plaintiff's Reconsideration Motion and page 15 of Plaintiff's Fees' Opposition;
- Exhibit D referenced on page 15 of Plaintiff's Fees' Opposition;
- Exhibit E referenced on page 10 of Plaintiff's Reconsideration Motion;
- Exhibit F referenced on page 10 of Plaintiff's Reconsideration Motion;
- Exhibit H referenced on pages 9 and 10 of Plaintiff's Reconsideration Motion;

---

[1] Although the Court's October 30, 2024 Order did not specifically request that LHC identify documents referenced in opposition to its Motion for Attorneys' Fees, Plaintiff had initially indicated that it may be referencing LHC's confidential documents as part of this opposition. (Stimpson Decl., Ex. A.)

- Exhibit J referenced on pages 9 and 10 of Plaintiff's Reconsideration Motion;
- Exhibit K referenced on pages 9 and 10 of Plaintiff's Reconsideration Motion;
- Exhibit L referenced on pages 5 and 10 of Plaintiff's Reconsideration Motion;
- Exhibit M referenced on pages 5 and 10 of Plaintiff's Reconsideration Motion;
- Exhibit N referenced on page 5 of Plaintiff's Reconsideration Motion;
- Exhibit O referenced on page 4 of Plaintiff's Reconsideration Motion and page 13 of Plaintiff's Fees' Opposition;
- Exhibit P referenced on page 10 of Plaintiff's Reconsideration Motion and page 15 of Plaintiff's Fees' Opposition;
- Exhibit Q referenced on page 10 of Plaintiff's Reconsideration Motion;
- Exhibit R referenced on page 4 of Plaintiff's Reconsideration Motion and pages 12, 16, and 17 of Plaintiff's Fees' Opposition;
- Exhibit S referenced on page 4 of Plaintiff's Reconsideration Motion; and
- Exhibit T referenced on page 4 of Plaintiff's Reconsideration Motion.

LHC is herein filing under seal on the docket the above exhibits, which are attached to the Declaration of Katherine M. Lieb. Upon review of the Plaintiff's Reconsideration Motion and Fees' Opposition, it does not appear that Plaintiff has cited to Exhibits G and I to the Stimpson Declaration, and therefore, LHC is not seeking to seal these exhibits at this time.[2]

---

[2] In the event that Plaintiff later references these documents, LHC reserves the right to seek to seal these documents at a later time. Additionally, LHC is not seeking to seal Exhibit A to the Stimpson Declaration, as it was previously filed publicly on the docket.

## **CONCLUSION**

For the foregoing reasons, LHC respectfully requests that the Court enter an order permanently sealing LHC's Exs. B–F, H, and J–T to the Lieb Declaration.

Dated: December 5, 2024

Respectfully submitted,

HIGGS FLETCHER & MACK LLP

By: */s/ Peter S. Doody*
 PETER S. DOODY

SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (Pro Hac Vice)
Katherine M. Lieb (Pro Hac Vice)
Linxuan Yan (Pro Hac Vice)

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on December 5, 2024, to all counsel of record, who are deemed to have consented to electronic service via the Court's CM/ECF system. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

                                            */s/ Peter S. Doody*
                                            Peter S. Doody