PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
LINXUAN YAN (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>LOWE'S HOME CENTERS, LLC, a Corporation,<br><br>   Defendants. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**SUPPLEMENTAL DECLARATION OF SCOTT D. STIMPSON IN SUPPORT DEFENDANT'S MOTION TO ENFORCE THE PROTECTIVE ORDER AND FOR SANCTIONS**<br><br>Judge: The Honorable Jill L. Burkhardt<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

I, Scott D. Stimpson, declare as follows:

1. I am a Member of the law firm Sills Cummis & Gross P.C. ("Sills Cummis"), 101 Park Avenue, 28th Floor, New York, New York 10178, attorneys for defendant LOWE'S HOME CENTERS, LLC ("LHC") in this litigation. I am fully

familiar with the facts and circumstances set forth herein based upon my own personal knowledge and review of relevant files and can testify competently thereto.

2. Pursuant to the Court's Minute Order, dated December 30, 2024 (ECF No. 91), I submit this supplemental declaration to provide the amount of attorneys' fees and costs sought in connection with LHC's Motion to Enforce the Protective Order and for Sanctions ("Motion for Sanctions"). LHC is herein seeking $41,448.11 in reasonable attorneys' fees and expenses incurred as a result of the Protective Order violation by DS Advanced Enterprises Ltd. ("DSAE").[1]

**The Invoices**

3. Attached hereto as Exhibit A are true and correct copy of invoices extracted from my firm's timekeeping and billing platform which reflect the reasonable attorney time my firm expended in connection with the Motion for Sanctions. These invoices were prepared from time records made by each timekeeper contemporaneously with or close to the work performed by my firm's attorneys.

4. These invoices contain two types of redactions. First, LHC has redacted in black those descriptions of work and amounts for which it does not seek to recover pursuant to this application, primarily time incurred in this litigation for work unrelated to the Motion for Sanctions. In the righthand side of the invoice, LHC has transposed onto the invoice a second number in red, which represents the specific time amount for which recovery is sought (either the full amount of the time entry or a smaller amount representing a partial amount of hourly time associated with a particular narrative). After each invoice, LHC has included a summary sheet detailing the hours spent and amounts that are being sought.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in LHC's Motion for Sanctions at ECF No. 59.

5. Second, LHC has redacted in gray those limited portions of the narratives that it considers to contain information protected by the attorney/client privilege and/or work product doctrine. Those redactions also contain the notation, "Privileged." At the Court's request, LHC will make versions of its invoices with the privileged information revealed available for *in camera* review.

6. Sills Cummis directed its invoices to Yankon Lighting ("Yankon") due to its indemnification obligations for this litigation in favor of LHC. In the event that the present motion is granted, any monetary award will go toward reimbursement of the fees spent by Yankon.

### The Work Performed by Sills Cummis

7. As detailed in Exhibit A, LHC's work on the Motion for Sanctions began in July 2024 when DS Advanced served its Supplemental Responses and the violation of the Protective Order first became apparent. As DSAE was not forthcoming regarding details of the violation, LHC expended efforts to push for further information about the extent of the violation from DSAE. LHC then attempted to negotiate a resolution with DSAE that would avoid court intervention, but such efforts were not successful.

8. Ultimately, it became necessary for LHC to file the Motion for Sanctions to obtain the appropriate relief, thereby requiring research and analysis of the issue, the drafting of moving and reply papers, the review and analysis of DSAE's opposition, and the drafting of the accompanying motion to seal. LHC filed its Motion for Sanctions on September 9, 2024. ECF No. 59. DSAE filed its opposition on October 7, 2024 (ECF No. 71) and LHC filed its reply on October 15, 2024. ECF No. 75.

9. I am the lead attorney handling this matter on behalf of LHC. I am a member of Sills Cummis's litigation department and Chair of its Intellectual Property

Practice Group, with over 35 years of experience in intellectual property litigation and counseling. My hourly billing rate for these invoices was $925.[2]

10. I was assisted in the preparation of this motion by three other attorneys from Sills Cummis: Randy Moonan, Laura Krawczyk, and Sean Camperson. Mr. Moonan is a member of Sills Cummis's litigation department, with over 11 years of experience representing clients in complex high-stakes litigation and in sensitive regulatory and internal investigations. Mr. Moonan's billing rate for these invoices was $825.

11. Ms. Krawczyk is counsel in Sills Cummis's litigation department, with almost 20 years of experience handling intellectual property litigation. Ms. Krawczyk's billing rate for these invoices was $675.

12. Mr. Camperson is an associate in Sills Cummis's litigation department, with 2 years of experience handling commercial litigation disputes. His hourly billing rate was $450 for these invoices.

13. As noted above, LHC is herein seeking $41,448.11 in connection with the Motion for Sanctions, which amounts are summarized on Exhibit B.

14. The actual fees incurred for the Motion for Sanctions are more substantial. LHC is not seeking reimbursement of the time spent by its co-counsel, Higgs Fletcher & Mack, nor does LHC's request include attorney time required for preparation of this declaration of fees and expenses. LHC has also not sought reimbursement for certain time entries describing work on the protective order violation contemporaneous with work on other discovery issues (for example, a meet and confer to discuss the protective order issue and other discovery disputes). This sum being sought also reflects a discount on the standard Sills Cummis billing rate.

---

[2] Certain hourly rates at Sills Cummis increased as of October 1, 2024. For purposes of this application, we are seeking the rate in effect prior to this increase.

15. For the above reasons, it is respectfully submitted that the attorneys' fees and costs requested herein are reasonable under the circumstances and should be awarded in full.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 10, 2025

_____
Scott D. Stimpson