UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC., ET AL.,<br><br>Defendants. | Case No.: 23-cv-01335-CAB-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO FILE DOCUMENTS RELATING TO THE MOTION TO ENFORCE THE PROTECTIVE ORDER AND FOR SANCTIONS UNDER SEAL**<br><br>**[ECF Nos. 57, 58]** |

Before the Court is a motion filed by Defendant Lowe's Homes Centers, LLC ("LHC") to file documents relating to the pending motion to enforce the protective order and for sanctions ("Sanctions Motion") under seal. (ECF No. 57.) LHC seeks an order sealing: (1) Exhibit A (LHC_000795–812) to the Declaration of Scott D. Stimpson ("Stimpson Decl.") (ECF No. 59-3), filed in support of LHC's Sanctions Motion (ECF No. 59); (2) Exhibit B to Stimpson Decl. (LHC_000841–887); (3) certain portions of Exhibit C to Stimpson Decl.; and (4) certain portions of LHC's Memorandum of Law in support of the Sanctions Motion. (ECF No. 57 at 2.) Plaintiff DS Advanced Enterprises, Ltd. ("Plaintiff") filed an opposition. (ECF No. 70.)

///

LHC argues that the documents and information it seeks to seal include non-public financial and competitive information, including diagrams of LHC's products. (ECF No. 57-1 at 2–4.) LHC designated the underlying documents as "CONFIDENTIAL – FOR COUNSEL ONLY," pursuant to the Protective Order issued in this case. (*Id.* at 3 (citing ECF No. 33).) Plaintiff opposes the motion to the extent it seeks to seal images of Plaintiff's products, which are covered by Plaintiff's Patent, US 11,054,118, as they are readily available to Plaintiff and therefore not subject to the Protective Order. (ECF No. 70 at 2.) Specifically, Plaintiff opposes the sealing of the images of Plaintiff's products from the last page of LHC's Exhibit A (LHC_000812). (*Id.* at 9.) Plaintiff also suggests that it opposes the sealing of any sales data attributable to purchase orders received by Plaintiff. (*Id.*)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents,'" which is "justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, n.7, 598 (1978)). As such, a party seeking to seal a judicial record attached to a dispositive motion must "articulate[] compelling reasons supported by specific factual findings" that can surmount the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

However, a different standard applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179. "Non[-]dispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citation and internal quotation marks omitted). "In light of the weaker public interest in non[-]dispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal." *Id.*; *see also* Fed. R. Civ. P. 26(c)(1) (stating that for good cause shown, courts may enter an order

preventing the disclosure of a "trade secret or other confidential research, development, or commercial information").

Although a discovery-related motion is generally non-dispositive, as LHC seeks potentially dispositive sanctions, the Court will address both standards. Based on its review of the documents, the Court finds that there is good cause for filing the requested documents under seal. *See Pintos*, 605 F.3d at 678. Moreover, the Court finds compelling reasons for their sealing based on their disclosure of sensitive commercial information. *See San Diego Detox, LLC v. Detox Ctr. of San Diego, LLC*, No. 3:22-cv-01145-RBM-DDL, 2024 WL 3610965, at *1 (S.D. Cal. July 31, 2024).[1] Accordingly, LHC's Motion is **GRANTED**. The Clerk of Court is directed to file all documents lodged at ECF No. 58 under seal.

**IT IS SO ORDERED.**

Dated: January 24, 2025

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[1] The Court notes that the Honorable Cathy Ann Bencivengo previously ordered that the documents at issue, LHC_000795–812 and LHC_000841–887, should be sealed in this case, finding both good cause and compelling reasons. (*See* ECF Nos. 76, 80.)