PETER S. DOODY (Bar No. 127653)
Doody@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, California 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

SCOTT D. STIMPSON (Pro Hac Vice)
KATHERINE M. LIEB (Pro Hac Vice)
SILLS CUMMIS & GROSS P.C.
101 Park Avenue
New York, NY 10178
Telephone: (212) 643-7000

Attorneys for Defendant LOWE'S HOME
CENTERS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., a corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a Corporation,<br><br>Defendants. | Case No. 3:23-cv-01335-CAB-JLB<br><br>**OPPOSITION TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #99)**<br><br>Judge: The Honorable Cathy Ann Bencivengo<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Defendant Lowe's Home Centers, LLC ("LHC") submits this Opposition to Plaintiff's Objections to the Report and Recommendation of Magistrate Judge Burkhardt (ECF #99), which recommended $25,000 in monetary sanctions against Plaintiff's counsel for violations of this Court's Protective Order.

/ / /

/ / /

/ / /

1

# I.
# PRELIMINARY STATEMENT

Plaintiff and its counsel do not dispute that they violated the Protective Order by disclosing LHC's highly confidential sales, costs, and profit data, as well as other internal documents of LHC, to the CEO of Plaintiff.  With these Objections ("Obj."), Plaintiff shows continued contempt for this Court's Protective Order.  Rather than take responsibility for his violation and accept the amount of the sanctions, Plaintiff's counsel seeks to evade any consequence whatsoever for his improper actions.

Plaintiff's refusal to take responsibility for these actions comes at a detriment to LHC.  Not only was the amount of attorneys' fees awarded by Judge Burkhardt already reduced from the amounts requested by LHC, but LHC is continuing to devote further resources and attorney time to its efforts to obtain relief from Plaintiff's admitted infraction.[1]  The Report and Recommendations already limited its consideration of fees sought by LHC to the time spent on drafting the motion papers and further reduced the amount of the sanction to less than the Court's calculation of reasonable attorneys' fees.  Plaintiff's attempt to further parse LHC's invoices and avoid responsibility for its actions should be rejected, and the Report and Recommendations should be adopted in full.

# II.
# ARGUMENT

Each Section of Plaintiff's Opposition is addressed in turn below.

In Section III(A) of the Objections (Obj. at 2), Plaintiff argues that LHC should not be awarded fees for addressing Plaintiff's Second Supplemental Response.  But Plaintiff's counsel admitted to this further Protective Order violation in its Opposition to the sanctions motion, requiring LHC to address it in its Reply.  *Cf.* ECF #59, Exhibit

---

[1] Should the Court deem it appropriate, LHC would readily submit further proof of the time spent on the protective order violation issue since October 15, 2024, the date of the last time entry for which LHC previously sought reimbursement.  (ECF No. 93.)  Additional attorney time was spent in preparing the Supplemental Declaration and the present application.

Higgs Fletcher & Mack LLP

12930542 v1

1  D (pre-motion correspondence disclosing Protective Order violation with no mention

2  of Second Supplemental Responses) *with* ECF #71-4, ¶¶ 22-27 (sanctions motion

3  opposition admitting violation with Second Supplemental Responses).

4        In <u>Section III(B)</u> (Obj. at 2-4), Plaintiff argues that LHC should not be awarded

5  fees for addressing the DSAE emails.  But again, Plaintiff raised these emails in its

6  Opposition (*e.g.,* ECF #71, at 3), and thus LHC addressed it in connection with the

7  Reply.

8        In <u>Section III(C)</u>, Plaintiff argues that, after the LHC-designated confidential

9  information had been disclosed to Plaintiff's CEO, it objected to the confidentiality

10  of some parts of these internal LHC documents.  Obj. at 4-6 (referencing Plaintiff's

11  objection to filing some documents under seal in connection with this sanctions

12  motion).    But if Plaintiff's counsel truly believed some of this LHC internal

13  information should not have been designated by LHC as confidential, he needed to

14  address and resolve that issue ***before*** he disclosed it to Plaintiff's CEO.  Indeed, LHC

15  produced these documents months prior to Plaintiff's purported objection to the

16  confidentiality designation, which objection was only raised for the first time in

17  opposition to LHC's motion to seal documents associated with its sanctions request.

18  Plaintiff's argument only further highlights counsel's contempt for this Court's

19  Protective Order.  *See* ECF #33, ¶ 14 (if a party objects to confidentiality designations,

20  the "materials at issue must be treated as confidential or privileged, as designated by

21  the producing party, until the Court has ruled on the objection or the matter has been

22  otherwise resolved.").  And, notwithstanding Plaintiff's objection to the sealing of the

23  documents containing the subject images, Judge Burkhardt granted LHC's motion to

24  seal the documents associated with the sanctions motion in full.  (ECF No. 97.)

25        Next, in <u>Section III(D)</u> (Obj. at 6-7), Plaintiff argues that LHC contemplated

26  different motions and thus some of the fees should not be awarded.  But this was all

27  work required for the sanctions motion.  Obviously, before a sanctions motion could

28  be filed, LHC had to learn the extent of the disclosures of its confidential information,

3

Higgs Fletcher & Mack LLP

12930542 v1

1  and whether Plaintiff's in-house personnel still had access to that information – if

2  Plaintiff refused to adequately disclose those facts, then the Court would need to

3  intervene to order that disclosure.  Plaintiff's counsel eventually revealed the

4  necessary facts, and so LHC was able to file its sanctions motion without the need to

5  first seek a Court order for Plaintiff to disclose the underlying facts.  All of this work

6  was directly caused by the Protective Order violation, and all of it was necessary for

7  the sanctions motion.

8        In Section III(E) (Obj. at 7-8), Plaintiff alleges that LHC's counsel, specifically

9  Laura Krawczyk, was "block billing" and so her time should not be awarded.  Ms.

10  Krawczyk's time was not block billed – there was simply no need for parenthetical

11  indications of time spent on different tasks, as her relevant entries were all for a single

12  task of researching and drafting the sanctions brief.  *See, e.g.,* ECF 93-1, at 18.  In any

13  event, this is an academic issue, as Magistrate Judge Burkhardt's Report did not award

14  fees for Ms. Krawczyk's time.  ECF #99, at 14.

15        Also in this Section, Plaintiff asks that unredacted invoices be shown to

16  Plaintiff's counsel.  But those sections are attorney-client privileged and so cannot be

17  disclosed to Plaintiff or its counsel.  LHC offered to provide any redacted portions in

18  camera should the Court desire to review those entries (ECF #93 at ¶ 5), but

19  Magistrate Judge Burkhardt did not see a reason to review those portions.

20        Next, in Section III(F) (Obj. at 9), Plaintiff objects to any fees being paid to

21  LHC's indemnitor, Zhejiang Yankon Mega Co. Ltd ("Yankon").  However, in

22  connection with fee recoveries, fees are paid regardless of related indemnifications or

23  other types of insurance payments.  *See, e.g., Pickering v. Holman*, 459 F.2d 403,

24  407-08 (9th Cir. 1972) (rejecting argument that fees should be declined because a

25  third party paid them).  Plaintiff cites no authority to the contrary, and ignores that

26  Yankon was forced to pay these fees (for LHC) only because of the Protective Order

27  violations of Plaintiff and its counsel. Plaintiff's resort to name calling Yankon a

28  "pirate" is merely a distraction from its own admitted protective order violation, and

4

1  in any event, is belied by the grant of summary judgment of non-infringement in favor

2  of LHC.

### III.
### CONCLUSION

For all the foregoing reasons, LHC respectfully requests that the Report and Recommendation of Magistrate Judge Burkhardt be adopted.

Dated:  February 14, 2025          Respectfully submitted,


HIGGS FLETCHER & MACK LLP


By:      */s/ Peter S. Doody*
_____
PETER S. DOODY


SILLS CUMMIS & GROSS P.C.
Scott D. Stimpson (Pro Hac Vice)
Katherine M. Lieb (Pro Hac Vice)

*Attorneys for Defendant LOWE'S HOME CENTERS, LLC*

HIGGS FLETCHER &
MACK LLP

12930542 v1

1  **CERTIFICATE OF SERVICE**

2       The undersigned hereby certifies that a true and correct copy of the foregoing

3  document has been served on February 14, 2025, to all counsel of record, who are

4  deemed to have consented to electronic service via the Court's CM/ECF system. I

5  declare under penalty of perjury of the laws of the United States that the foregoing is

6  true and correct.

7                                                          */s/ Peter S. Doody*

8                                          _____
                                           Peter S. Doody

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS FLETCHER &
MACK LLP

6

12930542 v1