UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, <br><br> Defendant. | Case No.: 3:23-cv-01335-CAB-JLB <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION RE: MOTION TO ENFORCE THE PROTECTIVE ORDER AND FOR SANCTIONS, AND GRANTING IN PART DEFENDANT'S MOTION** <br><br> [Doc. Nos. 59, 99] |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jill L. Burkhardt, filed on January 24, 2025, recommending that the Court grant in part defendant Lowe's Home Center's ("Lowe's HC") motion to enforce the Protective Order and impose sanctions against counsel for plaintiff DS Advanced Enterprises, Ltd. ("DS Adavanced"). [Doc. Nos. 59 and 99.]

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which

objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673-76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). DS Advanced filed timely objections. [Doc. No. 105.] Lowe's HC filed a timely response. [Doc. No. 106.]

DS Advanced does not object to the finding of the magistrate judge that its counsel violated the terms of the Protective Order issued in the case by disclosing to his client information and images designated as "CONFIDENTIAL – FOR COUNSEL ONLY" ("C-FCO"). DS Advanced does not directly object to the magistrate judge's finding that counsel made these disclosures twice, despite having been advised of the violation after the first occasion.

DS Advanced objects that the magistrate judge did not resolve its challenge to Lowe's HC's confidentiality designations raised in its opposition to Lowe's HC's motion for sanctions before finding the violation of the Protective Order. DS Advanced asserted then and reasserts now that the information disclosed in violation of the Protective Order was already known to DS Advanced and was improperly designated C-FCO. As the magistrate judge found however DS Advanced did not follow the Protective Order procedures to challenge the designation prior to counsel disclosing the materials to his client. DS Advanced's argument that the confidential material disclosed should not have been designated confidential in the first instance does not alter the fact that counsel disclosed it twice without properly seeking to first remove the C-FCO designation. The discovery was produced subject to the Protective Order and DS Advanced's counsel could not unilaterally decide to ignore the designation because he thought it improperly designated. DS Advanced's untimely challenge to the designation in response to the motion for sanctions for violating the Protective Order does not remedy the violations. The objection is overruled.

DS Advanced's remaining objections are with regard to the propriety of the fees Lowe's HC claims to have incurred in the seeking to enforce the Protective Order and the

sanction imposed on DS Advanced's counsel for his non-compliance with the terms of the Order.

The magistrate judge considered the reasonable expenses, including attorneys' fees incurred by Loew's HC as a result of the violations of the Protective Order. DS Advanced objects to the recovery of any fees related to the second violation arising from the production of the Second Supplemental Interrogatory Responses and communications regarding that production. The Second Supplemental Interrogatory Responses however evidenced that counsel provided C-FCO material to his client again without first seeking to properly remove the designation. This was made apparent in DS Advanced's opposition to the motion for sanctions and was therefore addressed in Lowe's HC's reply. To the extent the magistrate judge awarded fees that covered expenses related to addressing the second violation, the objection is overruled.

Similarly, DS Advanced objects to the recovery of fees arising from meet and confer efforts to address the Protective Order violations. These efforts to ascertain what occurred and when, and the extent of the violations were relevant to the determination of an appropriate sanction. It provided important factual background to determine the scope of the violation and the potential harm to Lowe's HC resulting from the improper disclosures. The information developed through the meet and confer process in part established that the harm to Lowe's HC from the disclosures was limited and did not justify the issue preclusion sanctions Lowe's HC sought. The magistrate judge also found that mitigating circumstances made a full award of Lowe's HC's expenses unjust.

Lowe's HC sought over $41,000 in fees and expenses as a result of the violations of the Protective Order. The magistrate judge reviewed the invoices provided by Lowe's HC in detail and only found time entries for research, drafting and review of the motion to be reasonably awarded. Time spent meeting and conferring, reviewing emails, communicating with clients and with opposing counsel and communications within the defense counsels' firm were all excluded, as was the time billed by attorney Krawczyk. Consequently, DS Advanced's objections to recovery of fees for communications, emails

and meet and confer discussions, and purported block billing are moot, as they were excluded from the recommended final award.

The magistrate judge evaluated the nature of the violations, the harm to Lowe's HC and the reasonable expenses billed for the preparation of the motion. The magistrate judge ultimately concluded and ordered, that for his violations of the Protective Order, counsel for DS Advanced should pay $25,000. This Court overrules the objections raised by DS Advanced to this award and finds no basis to revise this number. Further DS Advanced has provided no legal justification for its argument that Lowe's HC's indemnitor should be precluded from receiving the payment.

Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error. Having considered DS Advanced's objections *de novo*, the objections are overruled or deemed moot. Accordingly, the Court hereby **ADOPTS** Magistrate Judge Burkhardt's report and recommendation. The motion to enforce the Protective Order and award sanctions is GRANTED IN PART as set forth within the Report and Recommendation.

It is **SO ORDERED**.

Dated: February 24, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge