UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, Ltd.,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-01335-CAB-JLB<br><br>**ORDER ON DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND RELATED EXPENSES**<br><br>[Doc. No. 77] |

　　　　Before the Court is a motion brought by defendant Lowe's Home Centers, LLC ("Lowe's HC") as the prevailing party in this litigation, for the Court to find this case exceptional pursuant to 35 U.S.C. § 285, and to award defendant its reasonable attorney fees and expenses against plaintiff DS Advanced Enterprises, Ltd. ("DS Advanced"). Lowe's HC also seeks an award of fees and expenses against plaintiff's counsel pursuant to 35 U.S.C. § 1927, asserting that counsel's bad faith conduct unreasonably multiplied the proceedings. [Doc. No. 77.] DS Advanced filed an opposition. [Doc. No. 81.] Lowe's HC filed a reply. [Doc. No. 84.] The Court determined this motion could be decided on the papers. Civ.LR 7.1.d.1.

　　　　A district court in exceptional cases may award reasonable attorney fees and non-taxable costs to the prevailing party. 35 U.SC. § 285. "An exceptional case is simply one

that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Dragon Intellectual Prop. v. Dish Network*, 101 F.4th 1366 1369-70 (Fed. Cir. 2024) *citing Octane Fitness LLC v. ICON Health & Fitness, Inc*. 572 U.S. 545, 554 (2014).

A district court may determine whether a case is exceptional in the case-by-case exercise of its discretion considering the totality of the circumstances. *OneSubsea IP UK Ltd. v. FMC Tech., Inc*., 68 F.4th 1285, 1294 (Fed. Cir. 2023). A party seeking fees under § 285 must prove the case is exceptional by a preponderance of the evidence. *Id., citing Octane Fitness,* 572 U.S. at 554.[1]

As an initial matter the Court finds that Lowe's HC's fee motion was submitted timely. Although the Court granted Lowe's HC's summary judgment of non-infringement on September 30, 2024, the order specifically stated final judgment would not be entered until a pending motion for sanctions was resolved. [Doc. No. 67.] Further on October 15, 2024, the Court issued a scheduling order for the filing of an exceptional case determination after entry of final judgment, which still has not occurred. [Doc. No. 74.] That order notwithstanding, Lowe's HC filed its motion on October 23, 2024, in advance of the entry of final judgment. DS Advanced's contention that the motion should be deemed waived as untimely is rejected.

The briefing on this motion by both parties highlights that this has been an acrimonious litigation with both sides hurling assertions of bad faith and misconduct. Lowe's HC accuses DS Advanced and its counsel of harassing litigation tactics and shifting frivolous infringement contentions. DS Advanced accuses Lowe's counsel of making false statements to the Court and violations of Rule 11.

---

[1] Counsel for DS Advanced erroneously argued that the standard to prove the exceptional nature of the case is clear and convincing evidence [Doc. No. 81, at 6], citing to case law that preceded the Supreme Court's rejection of that evidentiary burden in *Octane Fitness*.

The Court in assessing whether this case merits an exceptional case finding considers only the matters before it. As evidence of plaintiff's bad faith and harassment, Lowe's HC references other litigations in other districts filed by DS Advanced against other Lowe's entities or affiliates regarding the same patent at issue in this litigation. These matters are not before this Court and will be left to those district judges to determine if they were improvidently or maliciously filed.

Lowe's HC also references a violation by counsel for DS Advanced of the Protective Order entered in this case. That discovery matter was addressed by the magistrate judge in a Report and Recommendation made to this Court. [Doc. No. 99.] Counsel's violations were found to be unjustified, careless failures to adhere to the terms of the Protective Order but not bad faith, and counsel has already been sanctioned.

The Court focuses on the history of this case and the litigation position of DS Advanced. The case was filed on July 21, 2023. [Doc. No. 1.] Lowe's HC contends that DS Advanced improperly named multiple defendants without justification, however DS Advanced voluntarily dismissed those parties on August 21, 2023, before any substantial expense or inconvenience was incurred. [Doc. No 5.]

DS Advanced filed an amended complaint on October 16, 2023. [Doc. No. 17.] Lowe's HC filed a motion to dismiss willfulness allegations which the Court denied finding that, based only on the allegations of the complaint, DS Advanced plausibly stated a claim for willful infringement. [Doc. No. 24.] Lowe's HC then filed its answer on January 29, 2024. [Doc. No. 27.] In March 2024, the parties entered into a Scheduling Order [Doc. No. 31] and a Protective Order [Doc. No. 33]. Nothing else appears on the docket until Lowe's HC filed its motion for summary judgment of non-infringement on June 10, 2024. [Doc. No. 34.]

After receipt of DS Advanced's infringement contentions, Lowe's HC presented its motion to the Court for summary judgment of non-infringement. Based on proposed constructions of three limitations of the patent's only independent claim, Lowe's HC argued for a finding of non-infringement asserting that the aspects of the accused devices

that DS Advanced contended satisfied those claim elements could not as a matter of law infringe. [*Id.*]

Lowe's HC briefed the three claim limitations. The Court after construing the "metal housing" limitation found it unnecessary to reach the two other challenged limitations. DS Advanced proposed a construction for "metal housing" that it contended encompassed the accused devices. The Court rejected the proposed construction as contrary to the plain meaning of the claim term and the specification. [Doc. No. 67.] Lowe's HC correctly states that the Court was highly skeptical of the construction being proffered by DS Advanced and remarked that it was "almost frivolous."

The question before the Court now is whether DS Advanced's interpretation of the claim limitation was so objectively unreasonable that the circumstances support an exceptional case finding. The construction of "metal housing" was put before the Court relatively early in the litigation, just three months after the entry of the Scheduling Order and Protective Order. DS Advanced appears to have consistently identified in its infringement contentions the aspects of the accused device it alleged met this claim limitation based on its expansive interpretation of the claim.

The Court does not find that DS Advanced asserted its construction in bad faith or for an improper purpose, such as to extract a settlement. *See Extremity Medical, LLC v. Nextremity Solutions, Inc.* 2024 WL 4384202, *2 (Oct. 3, 2024, D.Del.) (pursing baseless litigation for a quick pay day). DS Advanced failed to convince the Court of its interpretation of the patent and the Court found the proposed construction strained the plain reading of the claim. Under the totality of the circumstances however the Court is not convinced that DS Advanced knowingly and intentionally asserted a meritless position for improper purposes. It was just wrong.

Lowe's HC's motion to find the case exceptional and request for an award of attorneys' fees and expenses pursuant to 35 U.S.C. § 285 is DENIED.

The Court also does not find that DS Advanced's counsel intentionally and in bad faith unreasonably multiplied the proceedings justifying a fee award pursuant to 35 U.S.C.

§ 1927. Counsel has a litigation style that is perhaps overly aggressive and at times reflected a somewhat condescending attitude toward the Court, but the Court does not find it was intentionally harassing or advanced in bad faith. The request for a fee award against counsel is also DENIED.[2]

It is **SO ORDERED**.

Dated: February 24, 2025

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] The sanction award against counsel for DS Advanced for his violations of the Protective Order however remains affirmed.