UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DS ADVANCED ENTERPRISES, Ltd.,<br><br>                              Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>                              Defendant. | Case No.: 3:23-cv-01335-CAB-JLB<br><br>**ORDER ON PLAINTIFF'S MOTION TO AMEND AND ALTER THE JUDGMENT PURSUANT TO Fed. R. Civ. P. §§ 52(b) and 59(e)**<br><br>[Doc. No. 79] |

Before the Court is a motion brought by plaintiff DS Advanced Enterprises ("DS Advanced") to vacate the Court's judgment and for reconsideration of the Court's order granting summary judgment of noninfringement for defendant Lowe's Home Centers ("Lowe's HC"). [Doc. No. 79.] Lowe's HC filed an opposition. [Doc. No. 83.] DS Advanced filed a reply. [Doc. No. 86.] The Court held argument on January 16, 2025. The motion is DENIED.

DS Advanced asserted infringement of U.S. Patent No. 11,054,118 against Lowe's HC. The patent is directed to an apparatus designed to detachably attach a lighting fixture to a ceiling or a recessed lighting fixture housing. [Doc. No. 34-5, at 2.]

Lowe's HC moved for summary judgment of noninfringement based on constructions of certain claim limitations of the patent's only independent claim and the

assertion that the accused device lacked those limitations. After considering the submissions of the parties and counsels' arguments on the construction of the claim limitation "metal housing," the Court granted Lowe's HC's motion for summary judgment. [Doc. No. 67.]

DS Advanced now moves pursuant to Fed. R. Civ. P. §§ 52(b) and 59(e) to set aside the judgment for Lowe's HC and for reconsideration of the Court's claim construction and its finding of noninfringement. Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000.)

A district court may properly reconsider its decision under § 59(e) if it is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *School Dist. No. 1J v. ACandS, Inc.* 5 F.3d 1255, 1263 (9th Cir. 1993). Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Motions for reconsideration are not to be used merely as an intermediate appeal before taking a disputed ruling to the circuit court.

DS Advanced has not presented newly discovered evidence unavailable to it at the time of filing its opposition to the defendant's motion for summary judgment. Nor has it presented an intervening change in the law. DS Advanced contends the Court committed clear error in both its construction of the claim limitation "metal housing" and its determination that the component of the accused device that constitutes the housing limitation is plastic and therefore does not infringe.

DS Advanced's motion is largely focused on a comparison of Lowe's HC's accused product with what DS Advanced asserts is its own commercial embodiment of the invention. This comparison is neither relevant to the claim construction or the infringement analysis. "Claim construction, from which an infringement analysis depends, focuses on the recited limitations of the *claims*, not on the features of a commercial embodiment of

the invention." *Myco Indus., Inc. v. BlephEX, LLC*, 955 Fl3d 1, 15 (Fed. Cir. 2020) (emphasis in the original). "Infringement is determined on the basis of the claim, not on the basis of a comparison with the patentee's commercial embodiment of the claimed invention." *ACS Hosp. Sys. Inc. v. Montefiore Hosp.,* 732 F.2d 1572, 1578 (Fed. Cir. 1984).

DS Advanced disputes the Court's construction of the limitation "metal housing." Plaintiff misconstrues or misstates the Court's claim construction in its motion. Further, to the extent plaintiff asserts new claim construction arguments, that is not an appropriate basis for reconsideration of the Court's claim construction order.

DS Advanced still seeks to construe the metal housing limitation based on the configuration of the accused device. For example, claim 1 of the patent includes the following limitation: "a twist connector (118) to attach the output wires of the junction box (116) to the metal housing (108)." DS Advanced illustrates in its infringement contentions that in the accused device there are wires passing through an opening in the "white wafer piece" (i.e., the plastic housing) connecting to a circuit board on a metal disk contained therein. Therefore, DS Advanced argues the metal disk with the circuit board constitutes the "metal housing." This approach to claim construction based on the configuration of the accused device however is misplaced. *See NeoMagic Corp. v. Trident Microsystems, Inc.,* 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device.")

The claim is construed based on its plain language and the specification and then that construction is applied to the accused device to determine if the device is covered. DS Advanced looks to its commercial embodiment and the accused device and contends that any metal structure meets the claim limitation, but this simply ignores the plain meaning

of housing and its identification in the specification as a component separate from the junction box, the clips, and the lighting fixture.[1]

DS Advanced also argues that the Court should reconsider whether this internal metal component contained within the plastic housing of defendant's accused device, revealed by removing the plastic covering, could be viewed by a jury as meeting the metal housing limitation.  The Court rejects this argument, whether timely raised or not, as this metal disk does not meet the Court's construction of the limitation of a housing.  It is a part of the accused device contained within the plastic housing.

Plaintiff has not provided newly discovered evidence, identified an intervening change in the controlling law, or demonstrated the court committed clear error in either its claim construction or in granting summary judgment of noninfringement for defendant. DS Advanced's motion is therefore DENIED.

It is **SO ORDERED**.

Dated:  February 24, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] DS Advanced alleged in its amended complaint [Doc. No. 17, at ¶89] that the plastic portion of the accused device has metallic content and therefore meets the claim limitation but did not argue this in opposition to LHC's motion for summary judgment.  In opposition to the summary judgment motion DS Advanced reiterated its argument that the housing limitation was met by the metal structures in the accused device including the metal disk beneath the "white wafer piece," which it contended was simply an added plastic component included as an attempt to avoid infringement.  [Doc. No. 45, at 33.]